IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA DISTRICT

LESTER JON RUSTON,                          §

    Plaintiff,                          §

vs.                                         §        Civil Action No. 06-0224 (RMU)

DEPARTMENT OF JUSTICE,                       §

    Defendant,                          §

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Comes now, Plaintiff, Lester Jon Ruston, and files this, his Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment on the grounds that there exists no genuine issue as to any material fact, and that Plaintiff is entitled to judgment as a matter of law. In support of this motion, the Court is respectfully referred to Plaintiff's attached affidavit and all allegations of "fact", which are "public record" in U.S. v. Ruston, 3:04-CR-191-G, which gives rise to this litigation.

Plaintif's Statement of Material Facts as to Which
There is no Genuine Issue, Pursuant to Local Civil Rule 7 (h)

Pursuant to Local Civil Rule 7(h), Plaintiff submits the following statement of material facts as to which there is no enuine issue:

1. Plaintiff has filed a request for information to the Bureau of Prisons, under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2000 & Supp. III 2003) on or about the summer of 2005. Said request was for access to records concerning a psychological examination of Plaintiff conducted by a "Dr." Maureen Buriss".

2. Plaintiff was notified by Defendants that said request had been received and had been assigned Request No. 05-6378.

3. That the Defendant denied said request for information, and Plaintiff filed an appeal which was assigned appeal no. 05-2596.

4. That on or about December 21, 2005, the Defendant affirmed the denial of said request by a Melanie Ann Pustay .

5. That on or about February of 2006, Plaintiff commenced this action, challenging the actions of the Defendant.

6. That on or about May of 2006, the Defendant's filed an answer, which confirms all allegations of Plaintiff's complaint and challenge.

### Memorandum of Points and Authorities
### In Support of Defendant's Motion For Summary Judgment

Plaintiff commenced this action, pro-se, due to wanton acts of fraud by the Defendant and allegations of the criminal violation of Title 18 U.S.C. §'s 241, 4, 2340, 1113, 1513, 1512 and possibly 2388. Plaintiff now moves for Summary Judgment. Plaintiff respectfully submits that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

On or about the summer of 2005, Plaintiff requested all documents in the possession of the Defendant regarding a fraudulent (alleged) psychological examination, conducted by a "Dr." Maureen Buriss, due to allegations of the criminal violation of Federal law by the Defendant and Buriss.

The Defendant denied said request, for reasons Plaintiff alleges are fraudulent, and are obstructing justice in "stalking" and attempted murder of the Plaintiff, certainly not the "government operations" of the Defendant. Plaintiff has been denied in his request for records to substantiate claims of medical fraud and prosecutorial misconduct, and has challenged such with this action in the interest of the "general public", who have a right to know that the Defendant is **not** engaged in organized crime, particularly since the Defendant is expending taxpayers funds in their actions, DOJ v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 755 (1989). Public interest favors the disclosure of these documents, Safecard Services v. SEC, 926 F.2d 1197, 1206 (D.C. Cir. 1991).

### Argument

The Justice Department exists to investigate and prosecute Federal crimes, which are clearly specified in the United States Code Annotated. On or about May of 2004, the Plaintiff was "stalked", which has been ongoing since the Spring of 1998, and had multiple attempts made to murder Plaintiff, in an alleged "conspiracy", which violates Title 18

U.S.C. § 1113 and 1513. This is one of many attempts made on the Plaintiff's life by officials of the State of Texas, and allegedly aided and abetted by Federal Officials. Plaintiff was questioned about this latest stalking and attempted murder by James K. Ellis of the Dallas Bureau of the F.B.I. and Tom Schneider of the U.S. Marshal's Service, as Plaintiff accused Irma Carillo Ramirez, an alleged "Magistrate Judge" of being involved in this conspiracy, and aiding and abetting and committing misprison of a felony, all Federal crimes.

James K. Ellis did then conspire to violate all of Plaintiff's civil and constitutional rights to this filing, under the 1st, 4th, 5th, 6th, 8th and 14th Amendments to the U.S. Constitution, which is **most certainly not** the government operations of the Defendant or the F.B.I.

Plaintiff has been charged with a crime by Ellis on a fraudulent and perjured arrest affidavit, and denied all 6th Amendment "confrontation" rights in U.S. v. Ruston, 3:04-CR-191-G in the Northern District of Texas, Dallas Division, by wanton and willful acts of fraud by the Defendant, certainly not normal "government operations", but organized crime.

The United States Supreme Court has clearly ruled that an accused is accorded a "Franks" hearing to challenge fraudulent information or perjury in any affidavit which results in arrest and violation of 4th Amendment liberty rights. Plaintiff has been denied this **right** as a direct result of fraud by the Defendant and "Dr." Maureen Buriss, in alleged criminal violation of Title 18 U.S.C. §'s 4, 2340, 1113, 1513 and possibly 2388, as Plaintiff was "volunteer" recruiting for the U.S. Navy during a war, and Maureen Buriss has allegedly obstructed this with her filings to the Dallas Court, which is the reason Plaintiff has filed this action.

The Defendant and a judicial officer, A. Joe Fish, have denied Plaintiff all statutory and constitutional rights to "discovery", pre-trial hearings, "confrontation", and have conspired with Maureen Buriss to deny the Plaintiff his right to act as his own counsel, which the Supreme Court clearly ruled the Plaintiff can do in Faretta v. State of California, 422 U.S. 806, which the Defendant and A. Joe Fish have conspired to obstruct, which justify this motion for summary judgment.

"Dr." Maureen Buriss has falsely stated easily substantiated "facts", backed up by 9-11, N.C.I.C. and Court records are "delusions", which is medical malpractice and fraud, and misprison of a felony in alleged criminal violation of Title 18 U.S.C. § 4, not the "government operation" of the Defendant.

The public has an absolute right to know how corrupt the government has acted in the matter U.S. v. Ruston, 3:04-CR-191-G as a matter of law, as the purpose of the Freedom of Information Act is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed, 5 U.S.C.A. § 552, see U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 762 (1989); see also Safecard Servs. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991).

Maureen Buriss engaged in a conspiracy with Richard David Goldman, "forced" on the Plaintiff by the court in Dallas, in violation of the 5th Circuit's holding in McKenna v. Ellis, 280 F.2d 592 and all Plaintiff's filings to dismiss this lying fraud, who has since left the Federal Public Defender's Office in Dallas, so he cannot be "confronted" in Court and was allegedly practicing law in the Northern District of Texas without a license. Buriss' conspiracy with Goldman is "public record". Plaintiff never met Goldman one single time from his appointment August 20, 2004 to April 27, 2005 in violation of all 6th Amendment rights of an accused, see Ruston v. Florida Bar, et al, 4:06-CV-140 Northern District of Florida, Tallahassee Division. Goldman has asked the Florida Bar to obstruct justice in his conspiracy with Buriss, on the record!

Said records the Defendant has refused to provide clearly show fraud and a conspiracy to violate constitutional rights, which is an alleged criminal violation of Title 18 U.S.C. § 241, a crime and not the "normal government operations", justifying the release of said records as a matter of law, see Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir.1992).

Defendants have offered fraudulent reasons for failure to disclose, which justifies all requests for relief, as said failure to disclose is "obstruction of justice". There is no material fact or no genuine issue of dispute, therefore Plaintiff does move for

Summary Judgment. Defendant has stated that Plaintiff has no right to any relief, which is willful fraud and obstruction of justice, and may be a criminal violation of misprison of a felony, in alleged criminal violation of Title 18 U.S.C. § 4, which justifies the Plaintiff's request for "Special Counsel".

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801-4000

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was provided to the clerk of the court on this 12th day of May, 2006, by regular U.S. Mail with one copy provided to the Defendant at the address listed below, pursuant to Rule 5 Fed.R.Civ.P.

_____

Lester Jon Ruston

Fred S. Haynes, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA DISTRICT

LESTER JON RUSTON,                            §

     Plaintiff,                            §

vs.                                          §      Civil Action No. 06-0224 RMU

JUSTICE DEPARTMENT,                           §

     Defendant,                            §

### AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

My name is Lester Jon Ruston. Affiant is the Plaintiff in this civil cause of action. Affiant is "competent" to make the following declaration, being over 18 years of age and of sound mind, which is "public record" in Ruston v. United States, 05-3243-CV-S-RED-P Western District of Missouri, Southern Division, now 06-1946 8th Circuit Court of Appeals.

All allegations of "fact" in Plaintiff's Motion for Summary Judgment and all his filings in this matter are true and correct to the best of Affiant's knowledge and State of Texas, State of Missouri, State of California and Federal records, sworn to under penalty of law with Affiant's signature affixed, pursuant to Title 28 U.S.C. § 1746 and Rule 56(e) Fed.R.Civ.P. Further, Affiant sayeth naught:

Dated: 5-9-06

                                _____

                                  Lester Jon Ruston - Declarant

### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing affidavit was provided to the clerk of the court on this 12th day of May, 2006, by regular U.S. Mail, with one copy provided to the Defendant at the address listed below, pursuant to Rule 5, Fed.R.Civ.P.

                                  _____

                                  Lester Jon Ruston    a.k.a. "The Bruce"

Fred S. Haynes, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530