UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER J. RUSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-00224 (RMU) |
| | ) |
| DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

EMERGENCY MOTION TO STAY FURTHER PROCEEDINGS
IN THIS CASE PENDING RESOLUTION OF DEFENDANT'S
MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS

In accordance with the provisions of the Prison Litigation Reform Act, defendant is filing today a motion to vacate plaintiff's in forma pauperis status and to require him to pay the filing fee in this case before there are any further proceedings in the case. This emergency motion seeks an immediate stay of further proceedings until the Court has had an opportunity to decide the motion to vacate plaintiff's in forma pauperis status. Unless the stay sought by this motion is granted, defendant will have to expend effort to prepare the cross-motion for summary judgment and the opposition to plaintiff's motion for summary judgment, which are due on June 22. This would defeat the purpose of the "three strikes" rule in the Prison Litigation Reform Act.

Attached is a draft order reflecting the requested relief. Undersigned counsel (Fred E. Haynes) primarily responsible for this case for defendant has not attempted to contact plaintiff,

who is pro se, to determine his position on this motion, due to the difficulties involved in contacting federal prisoners.[1]

        Respectfully submitted,

        KENNETH L. WAINSTEIN, D.C. Bar #451058
        United States Attorney

        RUDOLPH CONTRERAS, DC Bar #434122
        Assistant United States Attorney
              /s/
        FRED E. HAYNES, DC Bar #165654
        Assistant United States Attorney

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require "counsel" to discuss nondispositive motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). This rule excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that rule requires "[c]ounsel (including any nonprisoner pro se party)" to meet and confer prior to a scheduling conference). LCvR 16.3(a).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER J. RUSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-00224 (RMU) |
| | ) |
| DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER

Upon consideration of the emergency motion by defendant to stay further proceedings in this case pending resolution of defendant's motion to vacate the order granting plaintiff in forma pauperis status, it is this _____ day of _____, 2006,

ORDERED that the motion is granted; and it is further

ORDERED that all proceedings in this case are stayed pending resolution of defendant's motion to vacate the order granting plaintiff in forma pauperis status.

UNITED STATES DISTRICT JUDGE

Copies to plaintiff and counsel for defendant

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing emergency motion to stay further proceedings in this case pending resolution of defendant's motion to vacate plaintiff's in forma pauperis status to be served by first-class mail, postage prepaid, this 25th day of May, 2006, on:

        Lester J. Ruston
        # 26834-177
        P.O. Box 4000
        Springfield, Missouri 65801

        /s/
        Fred E. Haynes, D.C. Bar # 165654
        Assistant United States Attorney
        555 4th Street, N.W., Room E-4110
        Washington, D.C. 20530
        (202) 514-7201