UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER J. RUSTON, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 06-00224 (RMU) |
| DEPARTMENT OF JUSTICE, | ) |
|       Defendant. | ) |

DEFENDANT'S MOTION TO VACATE THE ORDER
GRANTING PLAINTIFF IN FORMA PAUPERIS STATUS AND
SUPPORTING MEMORANDUM OF POINTS AUTHORITIES

Plaintiff, a federal prisoner, was granted leave in this case to proceed in forma pauperis, docket entry 6 (March 24, 2006); however, it has been brought to undersigned counsel's (Fred E. Haynes') attention that plaintiff is not eligible for in forma pauperis status, in light of the provision in the Prison Litigation Reform Act denying a prisoner's right to such status where the prisoner has previously filed three or more cases that were dismissed on grounds that they were frivolous, malicious, or failed to state a claim. Accordingly, defendant now moves to vacate the order granting plaintiff in forma pauperis status. Undersigned counsel (Fred E. Haynes) primarily responsible for this case for defendant has not attempted to contact plaintiff, who is pro se, to determine his position on this motion, due to the difficulties involved in contacting federal prisoners.[1]

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel*." It does not require "counsel" to discuss nondispositive motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). This rule excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that rule requires "[c]ounsel (including any nonprisoner pro se party)" to meet and confer prior to a scheduling conference). LCvR 16.3(a).

As explained in Exhibit A (April 19, 2006, decision in the Eastern District of Louisiana denying plaintiff leave to file in forma pauperis) plaintiff, a frequent litigator, has "three strikes" against him, meaning that three or more of plaintiff's prior civil actions (including appeals) have been dismissed as frivolous, malicious, or for failure to state a claim.  Under the Prison Litigation Reform Act, therefore, he is not permitted to proceed with further cases in the federal courts without prepayment of filing fees.  See, e.g., Ibrahim v. District of Columbia, 208 F.3d 1032, 1033 (D.C. Cir. 2000); Smith v. District of Columbia, 182 F.3d 25, 29 (D.C. Cir. 1999); Chandler v. D.C. Dept. of Corrections, 145 F.3d 1355, 1357 (D.C. Cir. 1998); accord Rivera v. Allin, 144 F.3d 719, 726 (11th Cir. 1998) ("Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders to dismiss and, if so whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted.").  Therefore, the Court should require payment of the filing fee in this case and stay this action pending payment.  If plaintiff does not pay the fee within a reasonable time, the Court should dismiss the case.

    Attached is a draft order reflecting the requested relief.

                                      Respectfully submitted,

                                      KENNETH L. WAINSTEIN,D.C. Bar #451058
                                      United States Attorney

                                      RUDOLPH CONTRERAS, DC Bar #434122
                                      Assistant United States Attorney
                                                 /s/
                                      FRED E. HAYNES, DC Bar #165654
                                      Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER J. RUSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-00224 (RMU) |
| | ) |
| DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

ORDER

Upon consideration of defendant's motion to vacate plaintiff's in forma pauperis status and the record in this case, it is hereby

ORDERED that the motion is hereby GRANTED; and it is

FURTHER ORDERED that this Court's order of March 24, 2006, granting plaintiff in forma pauperis status is hereby VACATED, and plaintiff's in forma pauperis status is hereby REVOKED, and it is

FURTHER ORDERED that further proceedings in this case are stayed until plaintiff pays the filing fee for the case.

UNITED STATES DISTRICT JUDGE

Copies to plaintiff and counsel for defendant

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing motion to vacate the order granting plaintiff in forma pauperis status to be served by first-class mail, postage prepaid, this 25th day of May, 2006, on:

>Lester J. Ruston
># 26834-177
>P.O. Box 4000
>Springfield, Missouri 65801

>/s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>(202) 514-7201