**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LESTER JON RUSTON,          )
    **Plaintiff,**          )
                  )
    v.          )          **Civil Number 06-CV-0224**
                  )
                  )
JUSTICE DEPARTMENT,          )
                  )
    **Defendant**          )

## DECLARATION OF DARYL J. KOSIAK

I, DARYL J. KOSIAK, do hereby declare and state as follows:

1.    I am the Regional Counsel for the North Central Region of the United States Bureau of Prisons (BOP), located in Kansas City, Kansas. I have been employed with the BOP in the North Central Regional Office from July 27, 1991 to the present.

2.    The statements I make hereinafter, are made on the basis of my review of the official files and records of Bureau of Prisons, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request made by the above-captioned plaintiff, Lester Ruston, Register Number 26834-177.

## CHRONOLOGY

4.    On June 8, 2005, plaintiff Ruston filed FOIA request #05-6378 with the BOP. In this request, plaintiff sought copies of all documents relating to the psychological examination Dr. Burris conducted of him at the Metropolitan Detention Center in Los Angeles (MDC Los

1



Angeles) beginning in November 2004 through April 2005. The request specifically sought all of Dr. Burris' handwritten notes, as well as her calendar showing the dates on which she interviewed him. The request further clarified that Ruston did not seek the examination report itself, but rather only Dr. Burris' handwritten notes and her calendar showing the dates she interviewed him. Finally, the plaintiff requested a copy of Dr. Burris' "Certificate to Practice Psychiatric Medicine." A true and correct copy of FOIA/PA Request 05-6378 is attached hereto as Attachment 1.

5.   By letter dated June 8, 2005, the plaintiff was notified that his FOIA request was received and assigned to FOIA Request No. 05-06378. A true and correct copy of this document is attached hereto as Attachment 2.

6.   By letter of July 20, 2005, the plaintiff was notified that his request for a fee waiver had been denied as the two conditions provided in Title 28, Code of Federal Regulations, Section 16.11(k) were not met. A true and correct copy of this document is attached hereto as Attachment 3.

7.   On July 26, 2006, my office received a letter from the plaintiff regarding his FOIA request. In this letter, the plaintiff referred to Dr. Burris as "a filthy, lying criminal" with reference to his psychological evaluation. In the letter, the plaintiff alleged all Bureau of Prisons psychologists "are being used as criminal co-conspirators by the Attorney General's Office." A true and correct copy of this letter is attached hereto as Attachment 4.

8.   By letter dated July 29, 2005, my office responded to an inquiry from the plaintiff as to the status of his claim. The plaintiff was informed that his request was pending due to a substantial backlog and would be processed as soon as possible. A true and correct copy of

this document is attached hereto as Attachment 5.

9.    On August 1, 2005, Bureau of Prisons FOIA/PA Section received two letters written by the plaintiff, which were directed to the Attorney General and the Deputy Attorney General. In these letters, the plaintiff referred to his FOIA request and claimed the Attorney General was "stonewalling" his request in order to obstruct justice. The letters reference various issues involving members of the judiciary, members of Congress, Katie Couric, and NBC, among others. In the correspondence, the plaintiff used derogatory terms in reference to several judges, as well as in reference to the recipients of the letters. As the letters included reference to the plaintiff's FOIA request, they were forwarded to my office for inclusion in our administrative FOIA file. The content and tone of these letters were considered, among other things, when determining the requested records were not releasable under 5 U.S.C. § 552(b)(7)(F). True and correct copies of these letters are attached hereto as Attachment 6.

10.    By letter dated August 5, 2005, the plaintiff was notified that the requested records had been located and processed. The plaintiff was informed that a portion of the records were releasable to him. Four documents were not releasable to him. They were withheld in full pursuant to 5 U.S.C. § 552 (b)(2), (b)(5), (b)(7)(c), and (b)(7)(F). The plaintiff was advised his request was processed solely under FOIA, as certain Bureau of Prisons records are exempt from certain provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2) and 28 C.F.R. § 16.97(a)(2005). A true and correct copy of this letter is attached hereto as Attachment 7.

11.    By letter dated August 11, 2005, and received by the Office of Information and Privacy (OIP) on August 19, 2005, the plaintiff appealed the action of the BOP. A true and correct copy

of this letter is appended hereto as Attachment 8.

12. By letter dated December 21, 2005, the plaintiff's appeal to OIP was denied. OIP affirmed the BOP's action on the plaintiff's FOIA request. A true and correct copy of this letter is appended hereto as Attachment 9.

13. The bases for withholding the four documents are more fully described in the <u>Vaughn</u> Index attached to this declaration behind the Attachments, and incorporated herein.

## ADEQUACY OF THE SEARCH

14. Upon receipt of plaintiff's FOIA request # 05-6378, a search to determine the location of any and all documents relating to plaintiff's request was undertaken in order to comply with his FOIA request. Dr. Burris reviewed her file regarding the psychological evaluation of the plaintiff. She also reviewed her personal calendar. Dr. Burris found six documents responsive to the plaintiff's request. The NCR processed these documents and withheld four documents in full pursuant to exemption (b)(2), (b)(7)(c), (b)(5), and (b)(7)(f). Two documents were provided in their entirety to the plaintiff.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

## EXEMPTION 5 U.S.C. § 552(b)(7)(F)

15. The Bureau of Prisons is a law enforcement agency. The term "law enforcement officer" is defined as "an employee of the Bureau of Prisons or Federal Prison Industries, Inc." <u>See</u>, e.g., 5 U.S.C. § 8401(17)(D)(i). Furthermore, BOP employees perform inherently law enforcement functions. They possess the authority to make arrests, 18 U.S.C. §3015; seize evidence, 18 U.S.C. § 4012; and execute searches on inmates and visitors to the institution,

4

28 C.F.R. § 511.10-511.12, 552.10-552.14.   Additionally, the BOP is tasked with the law

enforcement mission of protecting inmates, staff, and the community.[1]   As such, the withheld

documents are utilized by BOP staff in carrying out the law enforcement mission of the BOP.

To invoke Exemption (b)(7), the BOP must be able to demonstrate that records were

compiled for law enforcement purposes.  In this case, the records at issue were compiled for

law enforcement purposes during the course of the plaintiff's criminal case.

16.    Dr. Burris is a BOP employee who completed her evaluation of the plaintiff at the request

of the court in the plaintiff's criminal case.  The plaintiff opposed the evaluation, yet it was

ordered by the court, over the plaintiff's objections.

17.    Exemption (b)(7)(F) provides for the withholding of information or records compiled for law

enforcement purposes the release of which could endanger the life or physical safety of any

individual.  The reason for the assertion of this exemption are set forth in an in-camera

declaration that is being submitted to the court.

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

### EXEMPTION 5 U.S.C. § 552(b)(4)

18.    Exemption 4 exempts from disclosure "trade secrets and commercial or financial

information obtained from a person and privileged or confidential. . ."  5 U.S.C. §

---

[1] 18 U.S.C. § 4042 sets out the BOP's general authority: "The Bureau of Prisons, under
the direction of the Attorney General, shall (1) have charge of the management and regulation of
all Federal penal and correctional institutions; (2) provide suitable quarters and provide for the
safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the
United States, or held as witnesses or otherwise; (3) provide for the protection, instruction, and
discipline of all persons charged with or convicted of offenses against the United States."

552(b)(4).

19.  Document 1 as set forth in the <u>Vaughn</u> index consists of copyrighted materials.  These

two tests were purchased by the BOP from the private company which produces the test

formats and makes them available for sale to licensed psychologists.  Each test bears a

notation indicating that it is copyrighted.

20.  The BOP has determined release of these documents to the public might adversely affect

the copyright holder's potential market.  Companies which devise testing materials such

as those used by Dr. Burris in completing her forensic evaluation sell those testing

materials to commercial purchasers at whatever price the market will bear.  Once they

come into possession of an agency, however, those documents become subject to FOIA,

through which knowledgeable potential customers can seek to obtain them for nominal

copying charges at a small fraction of their true market value.  In such a situation, release

under FOIA might operate to diminish the company's market for its valuable documents

and thereby cause it direct economic loss.  Accordingly, the BOP determined these

copyrighted tests should not be released until the copyright holder has been contacted,

and provided the opportunity assert any objections to disclosure and the grounds for such

objections.

21.  With regard to the Minnesota Multiphasic Personality Inventory-2 (MMPI-2) test and

score report, neither the copyright holder, The Regents of the University of Minnesota,

nor the distributor, NCS Pearson, Inc., has published a statement regarding their position

on further release of their testing materials.  Accordingly, the agency has contacted the

copyright holder and we are awaiting a response.  At present, we have determined the

6

MMPI-2 test and score report are not releasable due to exemption 552(b)(7)(F).

22.    With regard to the WAIS-II test, the copyright holder, Harcourt Assessment, formerly The

Psychological Corporation, has a section of their website devoted to legal terms and

policies. In this section, the corporation states:

". . . As we have done for many years, we will continue to advise our customers that
Harcourt Assessment's test instruments are trade secrets and their usefulness and value
would be compromised if they were generally available to the public. We have stated this
position in correspondence, court cases, news articles and on our website for many years.
This position is also consistent with our longstanding practice of ensuring through our
terms and conditions of use that all purchasers have the appropriate qualifications to
administer and interpret the instruments being purchased and that such purchasers agree
to maintain the confidentiality of the instruments. . . Harcourt asserts that strong measures
are necessary to protect the validity of valuable testing instruments. Harcourt believes
that any copying of its tests constitutes copyright infringement. Furthermore, disclosure
of the tests threatens the ongoing validity of the test results, and therefore, the commercial
value of the test."
*See* http://harcourtassessment.com/haiweb/Cultures/en-US/Footer/Legal+Policies.htm

23.    The Harcourt Assessment website explains that the testing materials are sold only to

qualified individuals who are bound by the ethical standards of their profession to protect

the integrity of the materials by maintaining confidentiality of the questions and answers.

Furthermore, the company states:

"Harcourt has a Qualifications Department consisting of two full-time employees whose
sole function is to ensure that only qualified individuals have access to the test materials.
In addition, the Registration Form that all purchasers must complete and submit to
Harcourt before purchasing contains a statement signed by the purchaser indicating that
the purchaser is so qualified, and that all ethical rules will be observed by the purchaser."
*See* http://harcourtassessment.com/haiweb/Cultures/en-US/Footer/Legal+Policies.htm

24.    Finally, with regard to litigation, the Harcourt Assessment Company indicates:

"Harcourt does not wish to impede the progress of legal proceedings; however, we are
equally unwilling to jeopardize the security and integrity of our test instruments by

7

consenting to the release of copyrighted and confidential material to those not professionally qualified to obtain them. Should litigation in which a psychologist is involved reach the stage where a court considers ordering the release of proprietary test materials to non-professionals such as counsel, we request that the court issue a protective order prohibiting parties from making copies of the materials; requiring that the materials be returned to the professional at the conclusion of the proceedings; and requiring that the materials not be publicly available as part of the record of the case, whether this is done by sealing part of the record or by not including the materials in the record at all.

In addition, testimony regarding items, particularly that which makes clear the content of the items, should be sealed and again not be included in the record. Pleadings and other documents filed by the parties should not, unless absolutely necessary, make specific reference to the content of or responses to any item, and any portion of any document that does so should be sealed. Finally, we ask that the judge's opinion, including both findings of fact and conclusions of law, not include descriptions or quotations of the items or responses. We think this is the minimum requirement to protect our copyright and other proprietary rights in the test, as well as the security and integrity of the test."
*See* http://harcourtassessment.com/haiweb/Cultures/en-US/Footer/Legal+Policies.htm

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

## EXEMPTION 5 U.S.C. § 552(b)(5)

25. Exemption 5 exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency ." 5 U.S.C. § 552(b)(5).

26. The notes that were made by Dr. Burris in connection with her evaluation of plaintiff reflects her pre-decisional thoughts. Her report to the court on the plaintiff's evaluation reflects the agency's final decision on the plaintiff's competency to stand trial. The notes are therefore predecisional and qualify for withholding under exemption b(5).

## JUSTIFICATION FOR NON-DISCLOSURE UNDER THE FOIA

## EXEMPTION 5 U.S.C. § 552(b)(7)(C)

27.    Title 5, United States Code, Section 552(b)(7)(C) (hereinafter Exemption 7(C)) protects

from mandatory disclosure records or information compiled for law enforcement

purposes to the extent that disclosure "could reasonably be expected to constitute an

unwarranted invasion of personal privacy..." 5 U.S.C. § 552 (b)(7)(C) (1986). Privacy

interests are at stake because the mere mention of an individual's name in a law

enforcement file will engender comment and speculation and carries a stigmatizing

connotation. Branch v. FBI, 658 F.Supp. 204, 209 (D.D.C. 1987); Lesar v. Department of

Justice, 636 F.2d 472, 488 (D.C.Cir. 1980). The fact that the requester might be able to

figure out the individual's identities through other means or that their identities have been

disclosed does not diminish their privacy interests. Fitzgibbon v. CIA, 911 F.2d 755

(D.C. Cir. 1990); Weisberg v. Department of Justice, 745 F.2d 1476, 1491 (D.C. Cir.

1984).

28.    In this case, Exemption 7(C) of the FOIA was asserted to protect the identity of third-

party individuals, the release of which could subject them to an unwarranted invasion of

personal privacy. Release of the information could subject them to unanticipated, and

unwanted injury to their reputation, possibly exposing them to unwanted and/or

derogatory publicity and inferences arising from their connection to law enforcement.

29.    The BOP determined that there was no public interest in the release of the requested

information nor any interest which would counterbalance the individual's privacy in the

information withheld under Exemption 7(C). There is no public interest to be served by

9

the release of the requested information, because it would not shed light on the agency's performance of its statutory duties, or on the operations and activities of the government. See United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 780 (1989).

30.    Under traditional Exemption 7(C) analysis, once a privacy interest has been identified and its magnitude has been assessed, it is balanced against the magnitude any public interest to be served by disclosure. See Schiffer v. FBI, 78 F.3d 1405, 1410 (9th Cir. 1996) (explaining once agency shows that privacy interest exists court must balance against public interest in disclosure); Computer Professionals for Social Responsibility v. United States Secret Service, 72 F. 3d 897, 904 (D.C. Cir. 1996) (finding after privacy interest found court must identify public interest to be served by disclosure); Massey v. FBI, 3 F.3d 620, 624-25 (2nd Cir. 1993) (holding once agency establishes that privacy interest exists that interest must be balanced against the value of information in furthering the FOIA's disclosure objectives); Church of Scientology v. IRS, 995 F.2d 916, 921 (9th Cir. 1993) (remanding case because district court failed to determine whether public interest in disclosure outweighed privacy concerns).

31.    An individual's Exemption 7(C) privacy interest is not extinguished merely because a requester might on his own be able to piece together the identities of third parties whose names are deleted from records. See Weisberg v. United States Department of Justice, 745 F.2d 1476, 1491 (D.C. Cir. 1984); Master v. FBI, 926 F.Supp. 193, 198-99 (D.D.C. 1996) (protecting subjects of investigative interest even though plaintiffs allegedly know their names).

32.    For the above reasons, the Bureau of Prisons determined the identities of individuals

contained within Document 2, the handwritten notes of Dr. Burris, should be withheld

from the requestor.

## CONCLUSION

33.    Each step in the handling of plaintiff's request has been entirely consistent with the

Bureau of Prisons and the Department of Justice procedures which were adopted to insure

equitable responses to all persons seeking access to records under FOIA/PA.

34.    The <u>Vaughn</u> Index attached to this declaration describes with particularity the documents

and all meaningful information contained therein.  The documents were evaluated for

segregability and it was determined no portion of the withheld documents were suitable

for release.

I declare under penalty of perjury that the matters set forth in this <u>Vaughn</u> Index Declaration, and attachment are within my official purview and are true and correct to the best of my information, knowledge, and belief.

Executed this 22nd day of June, 2006.

Daryl J. Kosiak
Regional Counsel
Federal Bureau of Prisons
North Central Regional Office
Kansas City, Kansas

11

**VAUGHN INDEX**
**RUSTON v. DEPARTMENT OF JUSTICE**
**CIVIL ACTION NO. 1:06-CV-00224-RMU**

| DOC # | PAGES | DOCUMENT DESCRIPTION | EXEMPT/ STATUS | JUSTIFICATION |
|---|---|---|---|---|
| 1 | 37 | This is the raw data obtained by BOP forensic psychologist during an interview with the plaintiff to assist in her determination of his competency to stand trial. | (b)(7)(F) (b)(4) (b)(7)(C) | These pages were withheld pursuant to (b)(7)(F). Disclosure could result in the risk of physical harm to the reviewing forensic psychologist, Dr. Burris. Exemption (b)(4) utilized because these two tests are copyrighted and to release them to the public would harm the copyright holders' potential market. Exemption (b)(7)(C) utilized due to the name of a psychology department staff member appearing in the document |
| 2 | 6 | These are handwritten notes taken by a forensic psychologist during an interview with the plaintiff. | (b)(7)(F) (b)(7)(C) (b)(5) | Exemption (b)(7)(F) utilized due to potential harm to Dr. Burris' physical safety. Exemption (b)(7)(C) utilized due to a third party's name appearing in the document, as well as references to several individuals who allegedly sold drugs. Exemption (b)(5) utilized because the notes were made by Dr. Burris in connection with her evaluation of plaintiff reflects her pre-decisional thoughts. Her report to the court on the plaintiff's evaluation reflects the agency's final decision on the plaintiff's competency to stand trial. |

| 3 | 6 | This document is the Revised Competency Analysis completed by a forensic psychologist with regard to the plaintiff's ability to stand trial. | (b)(7)(F)<br>(b)(5)<br>(b)(7)(C) | Exemption (b)(7)(F) used due to potential harm to Dr. Burris' physical safety.<br>Exemption (b)(5) used because this document contains the notes of a psychology department staff member in connection with an evaluation of plaintiff reflects pre-decisional thoughts. Dr. Burris' report to the court on the plaintiff's evaluation reflects the agency's final decision on the plaintiff's competency to stand trial.<br>Exemption (b)(7)(C) utilized to protect the identity of several third parties who are referred to within the document. |
| 4 | 16 | This is the Forensic Interview Format completed by a forensic psychologist with regard to the plaintiff. | (b)(7)(F)<br>(b)(5)<br>(b)(7)(C) | Exemption (b)(7)(F) used due to potential harm to Dr. Burris' physical safety.<br>Exemption (b)(5) used because this document contains the notes of a psychology department staff member in connection with an evaluation of plaintiff reflects pre-decisional thoughts. Dr. Burris' report to the court on the plaintiff's evaluation reflects the agency's final decision on the plaintiff's competency to stand trial.<br>Exemption (b)(7)(C) utilized to protect the identity of several third parties who are referred to within the document. |

RECEIVED

June 2, 2005

JUN 8 2005

Federal Bureau of Prisons
Attn: FOI Request
320 First St. N.W.
Washington, D.C. 20530

FEDERAL BUREAU OF PRISON

FREEDOM OF INFORMATION ACT REQUEST LETTER

This request is made pursuant to the Freedom of Information Act, 5 U.S.C. 552, which guarantees the public access to information in the possession of Federal Agencies.

I hereby request all documents in the possession of the B.O.P. regarding a psychological examination of Lester Jon Ruston #26834-177 by a B.O.P. staff Psychologist named Dr. Maureen Buriss of the MDC-Los Angeles, which occurred beginning in November of 2004 through April of 2005.

I hereby request copies of all documents in Dr. Maureen Buriss' file, including, but not limited to all handwritten notes taken by Dr. Buriss during her evaluation, all copies in the possession of the Bureau of Prisons reflecting Dr. Buriss' calender/planner for dates in which she met and conversed with Lester Jon Ruston.

I do not need a copy of her "examination", just her handwritten notes and all documents in the possession of the Bureau of Prisons regarding dates, times and calendars of all meetings with Lester Jon Ruston.

This information benefits the General Public, therefore, I request a waiver of all fees and charges, pursuant to the "Act". Further, I am indigent, which is a matter of record in Los Angeles District Court (see Ruston v. United States).

I require this information as soon as possible, pursuant to the Freedom of Information Act. Further, I request a copy of Dr. Maureen Buriss' Certificate to Practice Psychiatric Medicine in the State of California.

Sincerely,

Les J. Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801

P.S. Further, I hereby request copies of all certificates filed with the Court in regards to this matter.

cc/ file - associated press



**U.S. DEPARTMENT OF JUSTICE**
Bureau of Prisons

*North Central Regional Office*
*Gateway Complex Tower II, 8th Floor*
*Kansas City, KS 66101-2492*

6/8/2005

Les Ruston
MCFP
Springfield, MO 65801
Register No. 26834-117

RE:  Freedom of Information Act/Privacy Act Request Number: 2005-06378

Dear Requestor:

This acknowledges our receipt of your Freedom of Information Act (FOIA) request.  Pursuant to Title 28 C.F.R. ° 16.3, the filing of a FOIA/PA request is considered an agreement by you to pay all applicable fees charged under ° 16.11, up to $25.00.  Regulations that may be pertinent to your request may be found at Title 28 C.F.R. Part 16, et.seq., and ° 513.30.

We have examined your request and have determined that the documents responsive to your request:

[ ] are voluminous (,and/)

[ ] contain information that originated from another agency or part of this agency requiring us, prior to releasing the documents, to consult with that agency or part of this agency (,and/)

[ ] are not yet available due to other unusual circumstances.
We currently have a backlog of requests.

Due to these unusual circumstances, pursuant to 28 C.F.R. ° 16.5 (c), we are extending the time limit for processing your request by ten days.  Accordingly, we expect that we will be able to respond to your request no later than  7/20/05.  Due to our backlog of requests it may exceed the expected reply date.

Any questions regarding this matter should be directed to LeeAnn Tufte at 913-551-1004.

Sincerely,

Daryl Kosiak
Regional Counsel

á





U.S. Department of Justice

Federal Bureau of Prisons

North Central Region

400 State Street, Tower II
Kansas City, KS 66101-2492

July 20, 2005

Les Ruston
Register No. 26834-177
Medical Center For Federal Prisoners
Springfield, MO 65801

Re: Your Information Request Number: 05-6378

Dear Mr. Ruston:

This is in response to your above referenced information request. Specifically, you request information pertaining to a psychological examination. You also request a fee waiver.

In accordance with Title 28, Code of Federal Regulations, Section 16.11(k), fee waivers are given only when two conditions are met.

1.           The first condition is that the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government.

a. The subject of the request: Whether the subject of the requested records concerns "the operations or activities of the government";
b. The informative value of the information to be disclosed: Whether the disclosure is "likely to contribute" to an understanding of government operations or activities;
c. The contribution to an understanding of the subject by the general public likely to result from disclosure: Whether disclosure of the requested information will contribute to "public understanding"; and
d. The significance of the contribution to public understanding: Whether the disclosure is likely to contribute "significantly" to public



understanding of government operations or activities.

2.        Secondly, the requested information is not to be primarily in the commercial interest of the requester.

a. The existence and magnitude of a commercial interest: Whether the requestor has a commercial interest that would be furthered by the requested disclosure; and, if so
b. The primary interest in disclosure: Whether the magnitude of the identified commercial interest of the requestor is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester."

Your request for fee waiver does not meet this specific criteria. Accordingly, your request for fee waiver is denied. It is anticipated that your request will not result in a fee assessment.   However, if this search should exceed two hours you will be assessed appropriate fees

Additionally,  Pursuant to Title 28 C.F.R. § 16.3, the filing of a FOIA/PA request is considered an agreement by you to pay all applicable fees charged under § 16.11, up to $25.00.  Regulations that may be pertinent to your request may be found at Title 28 C.F.R. Part 16, et.seq., and § 513.30.

Please be advised that you are allowed up to 100 free pages and two hours of search time.  Title 28 Code of Federal Regulations, Part 16, provides that fees may be assessed for any search or release of records when the disclosure constitutes a release in excess of 100 pages; a search for the requested record(s) exceeds 2 hours; and where the total fees exceed $14.00. The fee for copies of records is 10 cents per page for every page over 100. Search fees are assessed per quarter hour of search time at the rate of $4.00 for clerical staff searches; $7.00 per quarter hour for professional staff searches; and $10.25 per quarter hour for managerial staff searches. Search fees may be assessed even in instances where no records are located, produced, or released.

If you are dissatisfied with my response, you may administratively appeal to the Assistant Attorney General, pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, by filing a written appeal within 60 days from the date of this letter. Both the appeal letter and face of the envelope should be marked "Freedom of Information

Act Appeal," and should be addressed to the Office of Information and Privacy, U.S. Department of Justice, Washington, D.C. 20530.

Sincerely,

Daryl Kosiak
Regional Counsel

RECEIVED 20, 2005

JUL 2 6 2005

To: DARYL KOSIAK,     ( LERANN TUFTE ) LEGAL NORTH CENTRAL REGIONAL OFFICE

WITH REGARDS TO FREEDOM OF INFORMATION AND PRIVACY ACT REQUEST 2005-06378, BY LES J. RUSTON, I WISH TO INFORM YOU THAT YOU HAVE FAILED TO COMPLY WITH THE TIME LIMITS.

THIS INFORMATION BENEFITS THE GENERAL PUBLICS KNOWLEDGE THAT BUREAU OF PRISONS "PSYCHOLOGISTS" ARE BEING USED AS CRIMINAL CO-CONSPIRATORS BY THE ATTORNEY GENERAL'S OFFICE IN TITLE 18 SECTION 241 AND 371 VIOLATIONS OF FEDERAL LAW, SUCH AS MAUREEN BURISS DID IN MY CASE.

SHE IS A FILTHY, LYING CRIMINAL, AND MADE FALSE STATEMENTS TOO NUMEROUS TO LIST, MOST NOTABLY LYING, ON RECORD, ABOUT THE DATES HER EVALUATION WAS COMPLETED.

SHE WAS TOLD TO DO SO, DUE TO A CONTEMPT OF COURT MOTION I FILED. APPARANTLY I NEED TO FILE CIVIL LITIGATION TO FIND OUT WHO. I SUGGEST YOU STUDY THE HISTORY OF DR. JAMES SHUPE, FORMERLY OF COLLIN COUNTY. LOTS OF "FORMERS", IN MY "WAKE"

YOU ARE OBSTRUCTING JUSTICE IN MAUREEN BURNS' CONSPIRACY TO OPPRESS MY CONSTITUTIONAL RIGHTS TO SPEEDY TRIAL, DUE PROCESS AND "EFFECTIVE" ASSISTANCE OF COUNSEL. (SEE TITLE 18 SECTION 241, CURRENTLY UNDER REVIEW, PURSUANT TO TITLE 28 SECTION 360(a) ON "JUDGE" A. JOE FISH-5TH CIRCUIT JUDICIAL COUNSEL).

I HAVE ALSO NOTIFIED MY "CONTACTS" IN U.S. CONGRESS AND SENATE OF THE FRAUD YOUR "QUACK" DOCTORS ARE PERPETRATING, WHICH IS NOW RECORD IN TWO CIVIL ACTIONS I FILED IN SPRINGFIELD.

APPARANTLY I MUST FILE ANOTHER LAWSUIT TO GET THE RECORDS REQUESTED IN FOIA 2005-06378, WHICH IS NOT A PROBLEM. I'LL ASK FOR DAMAGES FOR ALL LOST INCOME THIS OBSTRUCTION IS COSTING ME.

BURNS AND BENOV ARE ALSO NAMED IN A BIVENS ACTION 6:05-CV-3266-RED IN SPRINGFIELD.

I AM CURRENTLY STUDYING LITIGATION IN TITLE 5 CASES, SINCE YOU SEEM DETERMINED TO AID AND ABETT BURISS' CRIMES, IN VIOLATION OF TITLE 18 SECTION 2, WHICH I'LL MAKE PUBLIC RECORD IN A DISTRICT COURT, AND FORWARD TO ASSOCIATES IN THE MEDIA.

PURSUANT TO 28 C.F.R. 16, LET THIS SERVE AS NOTICE OF MY INTENTION TO SUE FOR FAILURE TO COMPLY, AND OBSTRUCTION OF JUSTICE.

SINCERELY,

LES J. RUSTON
#26834-177
P.O. BOX 4000
SPRINGFIELD, MISSOURI  69501

P.S.  RESEARCH RUSTON V. UNITED STATES 6:05-CV-03243-RED WESTERN DISTRICT MISSOURI, SOUTHERN DIVISION, RICHARD E. DORR PRESIDING. I'M IN THIS FACILITY ILLEGALLY. YOU ARE MAKING IT WORSE.



**U.S. Department of Justice**

Federal Bureau of Prisons

*North Central Regional Office*

Tower II, 8th Floor
400 State Street
Kansas City, KS    66101-2421

July 29, 2005

Les Ruston
Register No. 26834-177
MCFP
P.O. Box 4000
Springfield, MO 68501

Re: Your Information Request No: 05-6378

Dear Mr. Ruston:

This is in response to your letter received on July 26, 2005, wherein you inquiry into the status of the above referenced request. Review of our records reveal that your request is still pending processing. Institution staff continue to search for any responsive records. Please be advised that the Department of Justice requires all requests for records to be processed on a first-in, first-out basis. There are only three exceptions to this requirement: threat to an individual's life or safety; loss of substantial due process, i.e., deportation or parole hearing; and media-related requests pertaining to the Justice Department's public accountability standards. It does not appear that your request falls within one of these categories; therefore, your request will be processed in the order in which it was received. As previously indicated, we have substantial backlog at this time and are processing these requests as quickly as possible.

If you are dissatisfied with my response, you may administratively appeal to the Assistant Attorney General, pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, by filing a written appeal within 60 days from the date of this letter. Both the appeal letter and face of the envelope should be marked "Freedom of Information Act Appeal," and should be addressed to the Office of Information and Privacy, U.S. Department of Justice, Washington, D.C. 20530.

Sincerely,

Daryl Kosiak
Regional Counsel



FROM THE DESK OF THE BRUCE    *BOP*

*RE: 2005-06378 NCR /96*

July 1, 2005

Attorney General of the United States
Attn. James Comey-Deputy A.G.
10th and Constitution Ave. N.W.
Washington, D.C. 20530

*05 JUL -15*

Dear Mr. Comey,

Pursuant to Title 5, § 552 and 552(a), I have sent you Freedom of Information Requests which I have shared with my "associates" in the media. I now request that you cease and desist "stonewalling" this request(s), for the purposes of obstruction of justice, as I need to make some dumbass Judges aware that I am in "imminent danger of serious physical injury" including another Government induced "poisoning", which you have just done to multiple "victims" of this "death trap", including Joel Zophy.

Hes a little "nuts", but sending a letter to Social Security that had "baking powder" from his kitchen counter, as clearly proven in a "lab" report, hardly justifies "forced" medication, particularly with the Supreme Court ruling in Sell v. United States 123 S.Ct. 2174, 2003).

Please "expedite" my FOIA requests, as there is an urgent need for this information in two pending civil actions. Your best attempts to "tamper" with Richard E. Dorr, the District Judge on these matters, is now a matter of record. Remember, bribing a Federal Official is a Federal Crime, James. His dismissal of my civil rights case was wrongful, so I am appealling (look up Perkins v. Hedricks 340 F.3d 582,) which I am explaining to those Judges in Dallas. Hopefully they aren't still wandering around their neighborhoods wearing only a T-Shirt anymore. I also hope they aren't covering up attempted murders, aided and abetted by your office.

You have embarrassed Katie Couric and NBC very much. I believe they have just cause to make all of this "public record". While I am a very big fan of Katie's, I sure have never met her. I wish I had, then maybe she could explain some things NBC refuses to. That camera in room #154 of the Anchor Motel for one, and that camera in room #102 of the Royal Inn for another, all tied to their studios in New York.

Well, I look forward to seeing who signed those orders and filled out those reports so I can sue them and get them fired from Federal employment, then prosecuted by non-corrupt officials.

Say, James, your name appears in the forward of a book called The Federal Rules of Criminal Procedure. These are called "statutory" codes, which are "rights" afforded a prisoner accussed of a Federal Crime, even if it is fraudulent, like 3:04-CR-191-G. I still don't see conspiracy to commit attempted murder as an "official duty" of a U.S. Magistrate Judge in Title 28 § 636 U.S.C. I guess Jane J. Boyle's book is different from the ones in all the law libraries I have seen.

Please expedite my FOIA requests, in the Public's Interest. I will look forward to providing the information to Katie Couric and NBC in the interest of taxpayers and voters. Well, I hope Mr. Bush goes back to Iraq! Maybe a dumb whore will run a stop sign and kill him!!!! Laura did it at 17! No wonder skull and bones loves her so much, her first "kill" at only 17! Thats Bush class!!!!

Yours,

Les J. Ruston
The Bruce

AUG 1 2005

FOIA/PA SECTION
FEDERAL BUREAU OF PRISON


ps nevermind-it would require brain cells



FROM THE DESK OF LES J. RUSTON

July 1, 2005

Attorney General of the United States
Attn. Alberto Gonzalez
10th and Constitution Ave. N.W.
Washington, D.C. 20530

Dear Alberto,

I have presented you with FOIA requests. I now request you "expedite" these, pursuant to Title 28 C.F.R. 16.whatever.

I also request you ceas and desist "tampering" with Judges and witnesses, as you continue to protect drug dealers, thieves, stalkers, child molesters and all those other fine qualities provided to this Country by the Republican Party.

Please also tell those retards at the Secret Service to hurry up and answer my FOIA request. Some of your dumbass Federal Judges continue to state, on record, I am not in imminent danger of serious physical injury, when you tried to murder me, multiple times, and are now obstructing justice, in criminal violation of Title 18 § 1511 U.S.C., which I will make public record in my civil action.

I hereby request you quit tampering with Judge Richard E. Dorr and study Perkins v. Hedricks, 340 F.3d 582. Then, tell those moron Dallas Judges to quit flashing their neighbors and hiring pimps long enough to look it up.

Thanks to your fraud I am a civil detainee, moron, not a "prisoner" within the meaning of Title 28 § 1915(g), as your retard Judges so eloquently quote while protecting drug dealer "friends" of the Bush Family.

Well, I have "friends" too, Alberto. Lots of them right here in Springfield. They are watching you and this place very carefully, making sure not one hair on my head gets harmed by your criminal abuse of process, deceit and misrepresentation.

Since your retard Judge doesn't believe in the Federal Rules of Civil or Criminal Procedure or the United States Constitution, I have duly filed to recuse him. Why has the Motion been ignored??? I have posed this question to Judge King of the 5th Circuit, also, pursuant to Title 28 § 372 U.S.C.

Please don't attempt to 'bribe" or tamper with him, too, Alberto. I, again, demand, pursuant to Title 28 § 591 U.S.C. the immediate appointment of "special counsel" to investigate George W. Bush, for his criminal allegations against me. This ain't rocket science, son, its called your job!! I have a feeling Congress may be calling for your job, after they get rid of Donald Bumsfelt, the murderer.

Well, congradulations. I'm fleeing for Scotland as soon as I'm released, You can assure NBC and Katie Couric that I will be very much alone when I do so. Pass that along to Special Agent James K. Ellis, along with a copy of my Bivens action, that will not be dismissed. I've asked Senator Kennedy to look into the matter, for the sake of justice.

Unrespectfully Yours,

Les J. Ruston
"The Bruce"

ps I still insist on your "recusal" from any investigation of Bush, so we can "investigate"



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS 66101*

August 5, 2005

Les Ruston
Register No. 26834-117
MCFP
P.O. Box 4000
Springfield, MO 68501

Re:    Your Information Request No. 05-6378

Dear Mr. Ruston:

This is in response to the above referenced information request. Specifically, you request copies of all documents in Dr. Burris' file, including but not limited to all handwritten notes, calendar and planner for the dates in which she met and conversed with you. You do not want a copy of her "examination." Additionally, you request a copy of Dr. Burris' certificate to practice psychiatric medicine in the State of California.

The Attorney General has exempted the Bureau of Prisons from certain provisions of the Privacy Act of 1974. Title 5 U.S.C. Section 552a(j). Therefore, all material granted, excised from documents, or denied herein has been processed under the authority of an alternative means of access, which is part of said exemption. The exemption, including the alternative means of access, is set forth in Title 28 Code of Federal Regulations, Section 16.97. Accordingly, your access rights are limited to those provided by the non-exempted portions of the Privacy Act of 1974 and the Freedom of Information Act, Title 5 U.S.C. Section 552 and as implemented by Title 28 Code of Federal Regulations, Part 16, Subpart A and D. The procedures established for use by the Bureau of Prisons are outlined in Program Statement 1351.5, Release of Information, and Program Statement 5800.11, Inmate Central File, Privacy Folder and Parole Commission File.

We interpret your wording that you do not want a copy of Dr. Burris' "examination," in that you do not want a copy of the psychological evaluation dated March 14, 2005. Thus, this record will not be included in our review. The records you request have been reviewed in this office and it has been determined that a portion of the records may be released to you. These releasable records have been returned to the facility of your confinement with instructions that they be provided to you. To view these releasable records or obtain copies you should contact the appropriate member of your unit team and schedule a review of these documents consistent with the rules of your facility.



The remaining records (4 documents) are not releasable to you. Included in the documents withheld are raw data records. The ethical guidelines established by the American Psychological Association require that psychologists release raw test data only to individuals qualified to use such information. That ethical restriction stems from the concern that a sufficient number of releases of raw test data will undermine the validity of the test. In order to comply with the guidelines, the raw test data can only be provided to a licensed psychologist. Pursuant to the Freedom of Information Act, 5 U.S.C. 552(b)(2)-(7), certain portions of the records are exempt in full from disclosure to you under the following exemptions:

(b)(2) -related solely to the internal personnel rules and practices of an agency
(b)(5) - inter- or intra-agency correspondence which would not be available to a party other than a party in litigation with the agency
(b)(7)(C) - constitutes an unwarranted invasion of personal privacy
(b)(7)(F) - could reasonably be expected to endanger the life or physical safety of any individual

Pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45, the material herewith denied may be appealed to the Assistant Attorney General, by filing a written appeal within 60 days from the date of this letter. Both the appeal letter and face of the envelope should be marked "Freedom of Information Act Appeal," and should be addressed to the Office of Information and Privacy, U.S. Department of Justice, FLAG Bldg., Suite 570, Washington, D.C. 20530.

Sincerely,

Daryl Kosiak
Regional Counsel

Rec'd 08-19-05

FROM THE DESK OF LES J. RUSTON

App
05-2596

FOIA
(A)
BOP

August 11, 2005

Office of Information and Privacy
U.S. Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

To Whom it may Concern,

      This letter serves as a notice of appeal of F.O.I.A. request 05-6378 from myself to the Bureau of Prisons, pursuant to Title 28 Code of Federal Regulations, Section 16.9 or 16.45.

      I specifically requested all handwritten notes, calendar and planner for the dates in which a Dr. Maureen Buriss met and conversed with me at the MDC-Los Angeles (see enclosed letter with highlights).

      Dr. Maureen Buriss has allegedly committed a criminal violation of Title 18 § 1001 USC by making false statements on Federal Documents in a Federal Civil matter. Her calendar and planner substantiate this allegation of fact. The B.O.P.'s denial is a conspiracy to obstruct justice, and may violate Title 18 § 1511 USC.

      Further, Dr. Maureen Buriss has engaged in a conspiracy to oppress Lester Jon Ruston in his constitutional right to due process, speedy trial and effective assistance of counsel, which is an alleged criminal violation of Title 18 § 241 USC. Her handwritten notes and planner/calendar substantiate this allegation of fact. The B.O.P.'s denial is a conspricy to obstruct justice, and may violate Title 18 § 1511 USC.

      The reasons listed for denial are fraudulent. I am the requester and the records are not an unwarranted invasion of privacy as they relate to me. Said denial is purely to aid and abett allegations of fraud, abuse of process and deceit by Dr. Maureen Buriss, which is a matter of record in U.S. v. Ruston, 3:04-CR-191-G, Northern District of Texas, Dallas Division (see Motion For Contempt of Court-Motive for Buriss falsifying dates on her records). Buriss claims to have concluded her "examination" in January of 2005 when she did not conclude examination until mid-March, which prompted Contempt of Court Motion.

      My affidavit of fact is on record with Senator Diane Feinstein of the Senate Judiciary Committee, with regards to these allegations of fraud and federal crimes.

Sincerely,

Les J. Ruston #26834-177
P.O. Box 4000
Springfield, Missouri 65801

OFFICE OF INFORMATION
AND PRIVACY

AUG 1 9 2005

RECEIVED

cc Associated Press





**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*

*Washington, D.C. 20530*

**RECEIVED**

DEC 2 7 2005

DEC 2 1 2005

LEGAL
NORTH CENTRAL REGIONAL OFFICE

Mr. Les J. Ruston
Register No. 26834-177
Federal Medical Center
Post Office Box 4000
Springfield, MO 65801

Re:    Appeal No. 05-2596
   Request No. 05-6378
   BVE:GLB:JTR

Dear Mr. Ruston:

  You appealed from the action of the North Central Regional Office of the Federal Bureau of Prisons on your request for access to records concerning a psychological examination of you conducted by Dr. Maureen Burris.

  After carefully considering your appeal, I have decided to affirm the BOP's action on your request.

  These records are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2).  See 28 C.F.R. § 16.97(a) (2005).  Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to the records you requested.

  The BOP properly withheld certain information that is protected from disclosure under the FOIA pursuant to:

   5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal agency practices;

   5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties; and

   5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to endanger the life or personal safety of an individual.

I have determined that this information is not appropriate for discretionary release.





- 2 -

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Melanie Ann Pustay
Deputy Director