UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LESTER J. RUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-00224 (RMU) |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff, a federal prisoner, was granted leave in this case to proceed in forma pauperis,

docket entry 6 (March 24, 2006).  It was later brought to undersigned counsel's (Fred E.

Haynes') attention that plaintiff is not eligible for in forma pauperis status, in light of the

provision in the Prison Litigation Reform Act denying a prisoner's right to such status where the

prisoner has previously filed three or more cases that were dismissed on grounds that they were

frivolous, malicious, or failed to state a claim.  Accordingly, defendant moved to vacate the

order granting plaintiff in forma pauperis status.

In filing the motion, defendant relied on an April 19, 2006, decision in the Eastern

District of Louisiana denying plaintiff leave to file in forma pauperis.  That decision, a copy of

which was attached to the motion, found that plaintiff, a frequent litigator, has "three strikes"

against himself, meaning that three or more of plaintiff's prior civil actions (including appeals)

have been dismissed as frivolous, malicious, or for failure to state a claim.  Under the Prison

Litigation Reform Act, the Court's decision found that plaintiff, whom it characterized as a

federal inmate, is not permitted to proceed with further cases in the federal courts  without

prepayment of filing fees.  See, e.g., Ibrahim v. District of Columbia, 208 F.3d 1032, 1033 (D.C.

Cir. 2000); Smith v. District of Columbia, 182 F.3d 25, 29 (D.C. Cir. 1999); Chandler v. D.C.

Dept. of Corrections, 145 F.3d 1355, 1357 (D.C. Cir. 1998); accord Rivera v. Allin, 144 F.3d

719, 726 (11th Cir. 1998) ("Courts must search records of the prisoner's prior federal cases to

determine whether judicial officers 'on 3 or more prior occasions' entered orders to dismiss and,

if so whether the reason for the dismissals were frivolousness, maliciousness or failure to state a

claim upon which relief may be granted.").

In granting plaintiff in forma pauperis status, docket entry no. 6, this Court had

concluded, based on plaintiff's own characterization in his complaint of his status as a "civil"

detainee, that he was not subject to the Prison Litigation Reform Act.  Defendant's motion did

not address the Court's earlier decision, due to an error by undersigned counsel: the Court's

order was issued prior to undersigned counsel's involvement in this case and, based on his

experience that such orders were pro forma, undersigned counsel did not read the Court's order.

Had undersigned counsel read the order, he would have addressed the issue of plaintiff's status

as a federal prisoner in more detail.

Defendant is in the process of preparing a renewed motion to vacate plaintiff's in forma

pauperis status, a motion that will address plaintiff's status as a federal prisoner.  Undersigned

counsel believes that the earlier  motion filed by defendant was factually and legally accurate.

The type of error made by undersigned counsel does not rise to the level of a sanctionable

offense.  In any event, in light of plaintiff's statement that he has sent undersigned counsel a

letter under Fed. R. Civ. P. 11(c) asking that the motion be withdrawn (a letter that undersigned

counsel has not yet received), undersigned counsel is, by a separate motion, withdrawing the

two motions filed as docket entries 14 and 15, the emergency motion to stay further proceedings

pending resolution of the motion to revoke plaintiff's in forma pauperis status and the motion to

revoke plaintiff's in forma pauperis status.  Under Fed. R. Civ. P. 11, the withdrawal of the two

motions moots plaintiff's motion for sanctions.

       Attached is a draft order reflecting the denial of plaintiff's motion for sanctions.

                        Respectfully submitted,

                        KENNETH L. WAINSTEIN,D.C. Bar #451058
                        United States Attorney

                        RUDOLPH CONTRERAS, DC Bar #434122
                        Assistant United States Attorney
                                  /s/
                        FRED E. HAYNES, DC Bar #165654
                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LESTER J. RUSTON,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )   Civil Action No. 06-00224 (RMU)
                                     )
DEPARTMENT OF JUSTICE,               )
                                     )
            Defendant.               )
_____     )

ORDER

Upon consideration of plaintiff's motion for sanctions and the opposition thereto, it is

hereby

ORDERED that the motion is denied.


UNITED STATES DISTRICT JUDGE

Copies to plaintiff and counsel for defendant

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing memorandum in opposition to

plaintiff's motion for sanctions to be served by first-class mail, postage prepaid, this 23rd  day

of June, 2006, on:

Lester J. Ruston
# 26834-177
P.O. Box 4000
Springfield, Missouri 65801


/s/
Fred E. Haynes, D.C. Bar # 165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
(202) 514-7201