IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER JON RUSTON, | § |
| Plaintiff, | § |
| vs. | §   Civil Action No. 06-0224 RMU |
| DEPARTMENT OF JUSTICE, | § |
| Defendant, | § |

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS MOTION
FOR SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MEMORANDUM
OF POINTS AND AUTHORITIES

Comes now, Plaintiff, Lester Jon Ruston, and files this, Motion in Opposition of Defendant's Motion for Summary Judgment and Memorandum of Points and Authorities, and would show the Honorable Court as follows:

I.

Plaintiff has served the Defendant a Rule 11 letter, and requested that this Honorable Court issue sanctions, should the Defendant continue to file frivolous and harassing documents in this matter for the purpose of obstructing justice. On or about June 22, 2006, the Defendant did file additional fraudulent and frivolous documents to this Court, to harass the Plaintiff, insult the Court's intelligence and previous "orders" and to obstruct justice. Plaintiff respectfully requests judicial notice of such and that this Honorable Court issue sanctions, pursuant to Rule 11 Fed.R.Civ.P.

II.

Plaintiff does oppose every aspect of Defendant's Motion for Summary Judgment. In Defendants June 22, 2006 filing to this Court, Defendant has filed more fraudulent and harassing documents, designed to insult the intelligence of both the Plaintiff and the Court. In ¶ 2 of Defendant's statement of material facts as to which there is no genuine issue, they falsely state Plaintiff is a pre-trial detainee, when Plaintiff has been ruled "incompetent", on public record, as clearly shown in Exhibit "A", under 18 U.S.C. § 4241(d), which makes Plaintiff a "civil" as already ruled by this Court and the District Court in Dallas, albeit illegally.

-1-

Defendant and their co-conspirators maintain Plaintiff made "threats against a United States Magistrate Judge", when Plaintiff told an alleged insane criminal the penalty of the crimes for which she stands accused, which include the death penalty. One form of execution for a sentence of death is hanging by the neck until dead. Title 18 U.S.C. §'s 242 and 2381 carry the death penalty, and Irma Carillo Ramirez stands accused of 18 U.S.C. § 242 and the kidnapping and attempted murder of the Plaintiff, which Plaintiff provides proof of in Exhibit "A".

III.

Plaintiff has statutory rights, pursuant to 18 U.S.C. §§ 3771 and 3521, which have been denied him by the Defendant for two years, illegally. Plaintiff has an absoolute right to the documents in this suit, as they show Maureen Buriss tendered fraudulent documents to a Federal Court, in alleged criminal violation of 18 U.S.C. § 1623, which her calendar showing the dates on which she interviewed Plaintiff will show. Further, Buriss conspired with former Federal Public Defender Richard David Goldman to defy a Federal Court "order", along with Alberto Gonzalez, to violate clearly established rights under 18 U.S.C. §§ 4241 and 4242, which these records will clearly show. Plaintiff called Buriss a "filthy, lying criminal", because his investigation of Buriss supports this statement, which the Defendant is desperately attempting to cover up at the expense of innocent taxpayers, which justify release of this information, in the interest of the "general public". The purpose of the Justice Department is not to engage in organized crime.

IV.

In ¶ 8 of Defendant's Motion, they mention Katie Couric and NBC Television. Plaintiff does not personally know Katie Couric, yet the Defendant and their co-conspirators, the Dallas Bureau of the F.B.I. and Alberto Gonzalez have falsely claimed Plaintiff has stated she is his "fiance" and that he is moving to Scotland with her, which is fraud. Plaintiff intends to move to Scotland, but intends on doing so very much alone, as clearly stated to these insane criminals. The Defendant further continues to characterize insane criminals as "several judges", when the U.S. Codes Annotated and Texas Penal Code clearly show their actions make them

insane criminals. If the Defendant does not like the "content and tone" of Plaintiff's investigations, they should not be engaged in organized crime, in alleged violation of 18 U.S.C. § 1961, which Plaintiff alleges with this filing.

V.

The Defendant has suppressed the Plaintiff's expert witnesses, which were not allowed to testify, and Plaintiff was not allowed to present, in violation of 18 U.S.C. § 4247(d), which is public record in IN RE RUSTON, 05-11803 5TH CIR. JAN. 2006, which the Defendant has suppressed from this Honorable Court. ¶ 13 of Defendant's Motion references "copyright", however, Plaintiff and his expert witnesses have an absolute right to this material, pursuant to 18 U.S.C. § 4247(d), 4241 and 4242, which have been denied by the Defendant's by fraud.

VI.

On or about May 5, 2005, the Plaintiff's 6th Amendment rights were trampled on due to Maureen Buriss, which is an alleged criminal violation of 18 U.S.C. §§ 241 and 242, certainly not the "normal operations of the Justice Department", but a Federal crime for which Plaintiff has clearly sought "Special Counsel" with this action. Plaintiff argues that ¶ 17 of the Defendant's Motion is fraud, as the Defendant's are governed by rules of Court and conduct, pursuant to 28 U.S.C. §§ 453 and 430(B), which have been denied Plaintiff, on record in U.S. v. Ruston, 3:04-CR-191-G, due to the wanton fraud of Maureen Buriss.

VII.

Plaintiff argues that Defendant's statements in ¶ 18 are fraud. The "public interest" outweighs their frivolous and obstructionist arguments as they are expending taxpayers funds to aid and abett an organized R.I.C.O. Racketeering "mafia" operating out of North Texas, that have attempted to murder the Plaintiff, certainly not the "normal operations of government", but State of Texas and Federal crimes. ¶ 19 references the "safety" of Dr. Buriss, when she is an alleged criminal and has denied Plaintiff his statutory rights under 18 U.S.C. §§ 3771 and 3521 by tendering fraudulent paperwork to a Federal Court, in alleged criminal violation of 18 U.S.C. § 1623

OPPOSITION TO MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff opposes each and every word of Defendant's fraudulent Memorandum of Points and Authorities, and moves the Court to issue sanctions against the Defendant. ¶ 2 of their fraudulent filing states that Plaintiff is not a "civil" detainee, when Exhibit "A" attached clearly shows he is by Court order signed by A. Joe Fish. Defendant clearly enjoys insulting the intelligence of this Honorable Court and the Judges of the D.C. District, warranting sanctions.

Plaintiff is a professional private investigator, whom has investigated fraud by psychiatrists and psychologists, used by corrupt attorneys and judges to obstruct justice, in alleged criminal violation of 18 U.S.C. §§ 241 and 242, including Dr. James Shupe, formerly of Collin County, Texas, and Dr. Michael Pittman of Dallas County, Texas, which Defendant's have suppressed from this Court. Dr. Pittman committed perjury and subornation of perjury against the Plaintiff in District Court 292, Dallas County, Texas, which is "public record" in EX-PARTE RUSTON X05-1200-L District Court #5, Dallas County, Texas. Further, Pittman has conspired with Irma Carillo Ramirez and the Carrollton Texas Police Department to stalk and attempt to murder the Plaintiff, both on the streets and in the Dallas County Jail, "motive" for these acts of fraud by the Defendant's. Further, Plaintiff has investigated an Organized R.I.C.O. Racketeering "mafia" operating within the United States Secret Service, which Ramirez is aiding and abetting, see Ruston v. Riggs, 06-0782 RMU D.C. District Court.

Plaintiff has investigated fraud by the Defendant's all over the United States, using the mental health code as a tool of oppression of Constitutional rights, as evidenced by the suppression of Plaintiff's expert witnesses (Exhibit "A" attached). Plaintiff has moved for his witnesses to conduct an independent evaluation, his Constitutional and statutory rights, and all these records are in the interest of justice, and the "general public". Buriss' notes will show that she purposely tendered fraudulent paperwork to a Federal Court in alleged criminal violation of 18 U.S.C. § 1623, "victimizing" the Plaintiff. Plaintiff has a right to this

information, as a matter of law, as "Brady" material was Court ordered, and ignored by Rick Calvert, the Assistant United States Attorney, in violation of 28 U.S.C. § 530(B), which is not the "normal operations of the government", justifying the interest of the "general public", as clearly ruled in U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 776-780 (1989). No case in history is more in need of "public scrutiny" than U.S. v. Ruston, 3:04-CR-191-G, as the government is allegedly engaged in acts of treason, see Department of Air Force v. Rose, 425 U.S. 352, 372 (1976). American children are dying in a foreign war at the expense of taxpayers, and the Defendant's are covering up crimes against civilians who were under contract with the Department of Defense in support of this war, and kidnapping and murder and attempted murder of civilians on business with the Department of Defense, in alleged criminal violation of 18 U.S.C. § 2441, most certainly not the "normal government operations", but a crime that carries the death penalty, as clearly articulated to a suspect named Irma Carillo Ramirez.

The Defendant says that "there is not public interest to be served by the release of the requested information, because it would not shed light on the agency's performance of its statutory duties, or the operations and activities of the government", which is complete and utter shameless fraud. Plaintiff would suggest the Defendant's undergo psychiatric examinations, pursuant to Rule 35 Fed.R.Civ.P. for making such a statement at the expense of taxpayers funding a war built upon lies, personally investigated by the Plaintiff, "motive" for all acts of fraud by the Defendant's and their co-conspirators.

## CONCLUSION

For all reasons set forth above, Plaintiff does object to Defendant's Motion for Summary Judgment, which should be denied, and Summary Judgment for the Plaintiff should be granted.

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 9000
Seagoville, Texas 75159

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was provided to the clerk of the court on this 5th day of July, 2006, by regular U.S. Mail, with one copy served upon Defendant at the address listed below, pursuant to Rule 5 Fed.R.Civ.P. Plaintiff respectfully requests the court duly note his correct address as Seagoville Correctional Institution, P.O. Box 9000, Seagoville, Texas 75159.

/s/ Les J. Ruston

Fred E. Haynes
Assistant United States Attorney
555 4th Street, N.W. Room E-4110
Washington, D.C. 20530