EXHIBIT A RUSTON V. JUSTICE DEPT.
32 PAGES TOTAL 06-0224 RMU



**RECEIVED**

JUL 1 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

*Washington, DC 20530-1000*

January 10, 2006

Lester Jon Ruston
Reg. No. 26834-177
Medical Center for Federal Prisoners
P.O. Box 4000
Springfield, MO 65801-4000

    **Re: Freedom of Information/Privacy Act Request No. 2005USMS8783**
    **Subject: Self**

Dear Mr. Ruston:

    The United States Marshals Service is responding to your request for certain records in this agency's files pertaining to you.

    Pursuant to your request, [X] the Marshals Service conducted a search of its files and located documents which are responsive, or [] the Marshals Service received documents referred from another agency for disclosure determination and direct response to you. The paragraphs checked below apply:

[X ] Documents are being released to you; however, certain documents or portions of documents are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and/or the Privacy Act, 5 U.S.C. § 552a. Please refer to the list on page 2 of this letter for a description of information being withheld and the basis for withholding.

[X] Our search located document(s) which originated with or contain(s) information which originated with (an)other component(s) of the Department of Justice or with (an)other government agency(ies).

    [ ] Information contained in Marshals Service records which originated with (an)other agency(ies) and a copy of your request have been referred to the originator(s) for consultation in accordance with 28 C.F.R. § 16.4 and/or § 16.42. The Marshals Service will correspond with you again upon completion of this consultation.

    [X] Records which originated with an(other) agency(ies) and a copy of your request have been referred to that agency for disclosure determination and direct response to you in

I'd never hurt any federal judge

I called her begging for help.

LINDA THOMAS ███████ - State 5th appeals
crooked judge, she's covering up.

b7c, 7F

I called ███████, then I called
fed. mag judge.

I told ██████ she had 24 hrs to resign.

I'd never hurt her or any other judge. I
don't know ~~anyone~~ anyone who would. I'd report
it if I knew of someone who would
hurt a judge

phone call played   —   when introduced, he said he'd probably
be embarrassed

It was my call. I was angry. Worried
he goin trying to kill me.
Phone call was to get her attention.
I don't even know what she looks like
I was trying to get ███████
She was in the phone book.          b7C



from
(972) 446-0422

Called into:
▆▆▆▆▆▆▆▆
CRD: ▆▆▆▆▆▆▆▆
b7C

Msg Retrieved
Fri. 5/21

Thurs    9:12 PM
b7C, b7D

Yes ▆▆▆▆▆▆▆▆

look @ black helicopters, US Navy
circling building

sent a marine to murder me
for Geo Bush, Antichrist

"die"

+ called again?
approx 11:40
Fri. 5/21

you're going to Scotland .... hang    walk-up plank
b7C, b7F

▆▆▆▆▆▆▆▆    run from me

you'd better run

you've got 24 hrs to resign

Sgt ▆▆▆▆▆▆▆▆    b7C

Olshock            Carrollton P.D.        972  466 3206
972 559 5222        (972) 466-3333            b7C

AUSA
Rick
Calvert

cel ←   Judge ▆▆▆▆  ▆▆▆▆▆▆    ▆▆▆▆▆▆
▆▆▆▆▆▆        ▆▆▆▆▆▆▆

▆▆▆▆▆▆▆    ▆▆▆▆▆▆    b7C, b7F



8/31
its
Uncle Fisk
Nickson.

b7C

SEE
RUSTON V. RIGGS
06-0782 RMU

has a son,
stays in contact

son was expelled,
probably ~18 you

Copies
Stun gun &
cross bow arrows

SS
File #
127-671-28984

Sgt.
922 868-3105

(ID squad)

was @ Vernon State Hosp

Start 6:15
Conclude 7:30

b7C

ON PROBATION — aty ████████

threatened ████████ by phone, don't remember having
done it, I was drunk @ the time.
I'd never go near him, only to testify against him.

1998 went to Wich. Falls psych hosp., was eval, said
he was determined to be okay

████████████████████████████
████████████████████████████
████████████

████████████████
████████████████████████████

b7C                    +    ████████

████████

Thinks block, Marine is the hit man.

BURRIS          Thinks there's been 7 people putting hit men on him
SAYS                — Geo Bush (via Elsnore)
"DELUSION"          - sisters boyfriend
                   —      (judge)        Henry Wade Jr    b7C
TITLE 18 U.S.C.    —    (judge)         Chas. Sandoval
SECTION(s) 2,3,4   —    Det. Plano
                        Plano    ████████
                        ████████

I'm scottish, English don't like me

NICK SILVA

Det. ███ — Dallas PD — the hit man was reported to this guy

by

███

Thanks Recent block mailer hit man sent out by Wade, ███
Sandoval        GARY FERNANDEZ
                CARROLLTON POLICE

I've been on meds, can't take them, they're poison.

INTERSTATE "STALKING"
18 U.S.C. 2261(a)

Seleka        anti-depressant
Haldol

➤ Stayed @ Anchin on H.H. until Conan told him there was a camera behind the mirror

Royal Inn —
Deluxe Inn — Royal + H.H.
No one has come by in last wk when Die stayed @ Royal Inn

Calls that I make:
    Fox 4 news  (███) — 214 720 4444   by
    Channel 8
    Navy personnel —    BURISS OBSTRUCTING
    Law Enf. —          RECRUITING DURING A WAR
                        18 U.S.C. SECTION 2388

# ADVICE OF RIGHTS

Place _Carrollton, TX_
Date _5/22/04_
Time _6:15 AM_

## YOUR RIGHTS

Before we ask you any questions, you must understand your rights.

You have the right to remain silent.

Anything you say can be used against you in court.

You have the right to talk to a lawyer for advice before we ask you any questions.

You have the right to have a lawyer with you during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.

If you decide to answer questions now without a lawyer present, you have the right to stop answering at any time.

## WAIVER OF RIGHTS

I have read this statement of my rights and I understand what my rights are. At this time, I am willing to answer questions without a lawyer present.

Signed _____

Witness: _Mark Ellis, SA, FBI DC_
Witness: _Tom Schmid, SR. INSP USMS_

Time: _6:16 AM_

FD-302a (Rev. 10-6-95)

89B-DL-101826

Continuation of FD-302 of ___RUSTON_____ , On 05/22/2004 , Page ___2___

*[handwritten left margin: ALSE TATIMENT VE NAVEA ET WILL IN M LIFE]*

RUSTON claimed that he is a decedent of Scottish Royalty, specifically the Earl of Bruce. RUSTON is planning to change his name to ROBERT DAVID BRUCE. RUSTON stated that he plans to move to Scotland with his fiancee KATIE COURIC. *[handwritten: FALSE STATEMENT]*

*[handwritten left margin: FALSE STATEMENT]*

RUSTON is a comedian, and goes by the name "The Penguin". Much of his work has been stolen, including the movies "Bruce Almighty" and "Titanic". RUSTON stated that he can also heal people of cancer, and convert lesbians to heterosexuality.

RUSTON stated that he attempted to kill himself in November. On a Friday evening he took numerous Tylenol PM capsules and drank a fifth of rum. He didn't wake up until Sunday.

*[handwritten left margin: ALSE ATRMENT]*

RUSTON usually spends the night in hotels. The Royal Inn (RI) at Valwood Parkway and I-35 is where he normally stays. He also occasionally stays at the Anchor Inn. On Thursday, May 20, 2004, RUSTON stayed in room 102 at RI. He stayed alone that night, and no one visited his room. RUSTON drank four to five beers that night, and felt affected by the alcohol.

*[handwritten left margin: DALLAS POLICE T. BILL UMPNREY +O TECTIVES]*

RUSTON stated that he made numerous telephone calls during the evening. They included calls to branches of the military, law enforcement and media outlets. RUSTON was shown, by the interviewing officials, a list of phone calls that were placed from the telephone in room 102 between 8:59 PM and 10:24 PM on May 20, 2004. During that time nine telephone numbers were dialed.

RUSTON identified 214/720-4444 as belonging to the local Fox TV Network affiliate; 972/266-6395 belongs to a local United States Navy recruiting office; 214/745-5555 belongs to local NBC TV Network affiliate. RUSTON did not recognize all the numbers dialed. He stated that he obtained many of the numbers from the telephone book located in room 102.

*[handwritten left margin: FALSE TATR-IENT]*

RUSTON stated that he tried to speak to a Federal Magistrate Judge who was a Hispanic lady. RUSTON obtained her name and number from the telephone book. He was calling her to request her to issue arrest warrants for Henry Wade, Jr., and Charles Sandavol. RUSTON stated that he wanted to get hold of Judge Paul Stickney, but could not locate his telephone number. RUSTON stated that he likes Judge Stickney.

*[handwritten: D.W.I.]*

FD-302 (Rev. 10-6-95)

*[handwritten, top right:] REFUSE TO PROVIDE WHAT THIS WAS TRANSCRIBED FROM TITLE 18 SECTION 241 U.S.C.*

- 1 -

## FEDERAL BUREAU OF INVESTIGATION

*[handwritten:] REFUSE TO PROVIDE COPY OF WARRANT TITLE 18 SECTION 241 U.S.C. AND AFFIDAVIT - ALL FRAUD*

Date of transcription    06/17/2004

    LESTER JON RUSTON was contacted at the Carrollton City Jail subsequent to his arrest on state felony retaliation charges. Present during the interview was Deputy United States Marshal (DUSM) Tom Schneider. RUSTON was advised of his rights, and he agreed to waive those rights and be interviewed. RUSTON, having been advised of the nature of the interview and of the identity of the interviewing officials provided the following information:

*[handwritten left margin:] FALSE STATEMENT BY MRS US TITLE 18 § 2388*

    RUSTON stated that he has been sent in the past to the Wichita Falls State Hospital for a mental disorder. He spent 25 days there, until the doctors decided he was sane. He is currently not taking any medication, but was previously on Haldall, an anti-psychotic medicine. RUSTON has also been prescribed Celexa, an anti-depressant medicine.

*[handwritten right margin:] SENT BY 4 ACT OF FRAUD WITNESS TO ORGANIZED CRIME BY COLLIN COUNTY*

    RUSTON claimed that attorney PETER LESSOR represented him on a retaliation case with the Carrollton Police Department (CPD). The case involved an alleged threat RUSTON made to Detective Gary Fernandez. RUSTON stated that he was told that he threatened to blow up Fernandez, but RUSTON was drunk and angry at the time and does not remember what he said. *[handwritten:] FALSE STATEMENT*

*[handwritten left margin:] FALSE STATEMENT DUE VTR GREN N DENTON COUNTY JAIL*

    RUSTON has had prior run-ins with the CPD. He stated that they arrested him on driving while intoxicated charges. They did not turn the video tape of RUSTON in to evidence because the officers stole $300 from him. RUSTON spent 25 days in the CPD jail before he was transferred to the Denton County Jail. RUSTON has been to jail on numerous occasions. RUSTON blames Collin County and the Plano Independent School District as being the entities behind his arrests. *[handwritten:] TITLE 18 SECTION 2388*

    RUSTON claimed that he was previously employed by the United States Air Force (USAF), and was involved in laser technology. He also previously worked with many police departments implementing their radar speed detectors. *[handwritten:] FALSE STATEMENT*

*[handwritten left margin:] FAKED IT WAS HANDLED POLICE*

    RUSTON stated that the family of President George Bush is trying to have him (RUSTON) killed. RUSTON has seen the hitman that they hired. He is a black male and a former Marine.

*[handwritten:] LAST KNOWN ADDRESS: 4804 HAVERWOOD LANE #826 DALLAS, TX 75287 SEE N.C.I.C. ALL RECORDS DENIED BY JUDGE FISH*

Investigation on    05/22/2004    at   Carrollton, Texas

File #   89B-DL-101826                    Date dictated   05/28/2004

by    SA James K. Ellis

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD-302a (Rev. 10-6-95)

89B-DL-101826

Continuation of FD-302 of ____RUSTON_____ , On 05/22/2004 , Page ___3___

      Before calling the Hispanic female judge, RUSTON also called Judge Linda Thomas, with the Fifth Court of Appeals in Dallas, Texas. RUSTON left a message that he wanted Thomas to resign within 24 hours.

      RUSTON was then played the message left on the voice mail of United States Magistrate Judge Irma Ramirez on May 20, 2004. He stated that he was the person who left the message, and that he was trying to get Judge Ramirez's attention. He stated that he was sorry for saying the things that he left in the message, and that he would never harm Judge Ramirez. RUSTON stated that he has never met Judge Ramirez and does not know who she is. RUSTON stated that call was the only one he made to Judge Ramirez.

*SE TEMENT iE IS sPECT J* [handwritten bracket annotation]

*TTEMPTED MURDER AND TREASON* [handwritten]

*SHE COMMITTED MISPRISION OF A FELONY TITLE 18 U.S.C. SECTION 4* [handwritten]

*AIDING AND ABETTING ATTEMPTED MURDER TITLE 18 U.S.C. SECTION 3/2* [handwritten]

*ON RECORD IN RUSTON V. DALLAS COUNTY 3:02-CV-2349* [handwritten]

CLOSED, RAMIREZ

**U.S. District Court**
**Northern District of Texas (Dallas)**
**CIVIL DOCKET FOR CASE #: 3:02-cv-02349**

Ruston v. Continental Motel, et al
Assigned to: Judge David C Godbey
Demand: $0
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 10/24/2002
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil
Rights
Jurisdiction: Federal Question

**Plaintiff**

**Lester Jon Ruston**

represented by **Lester Jon Ruston**
BOP No 26834-177
MDC Los Angeles
PO Box 1500
Los Angeles, CA 90053
PRO SE

V.

**Defendant**
**Continental Motel**

**Defendant**
**City of Richardson Police**
**Department**

**Defendant**
**Dallas County**

**Defendant**
**Dallas County District Attorney's**
**Office**

**Defendant**
**Dallas County Sheriff's Department**

*[handwritten:]* AIDING AND ABETTING KIDNAPPING AND ATTEMPTED MURDER 18 U.S.C SECTIONS 1201, 1961, 242 1113, 1513 " ON RECORD "

*[handwritten:]* SEE EX-PARTE RUSTON X-05-1200-L DISTRICT COURT #5 DALLAS COUNTY TEXAS

| Date Filed | # | Docket Text |
|---|---|---|
| 10/24/2002 | | PRELIMINARY ASSIGNMENT TO Magistrate Judge Irma C Ramirez (nmj) (Entered: 10/25/2002) |
| 10/24/2002 | | CASE REFERRED to Magistrate Judge Irma C. Ramirez (nmj) (Entered: 10/25/2002) |
| | | |

| 10/24/2002 | 1 | Prisoner Civil Rights COMPLAINT filed; Date Received: 10/24/02 (2) (nmj) (Entered: 10/25/2002) |
|---|---|---|
| 10/29/2002 | 2 | ORDER and NOTICE OF DEFICIENCY that plaintiff(s) has 20 days to cure the following deficiency: complaint not on the appropriate form; a filing fee has not been paid nor has a request to proceed IFP been submitted. Failure to comply with this order may lead to dismissal for failure to prosecute pursuant to FRCvP 41(b) ( Signed by Magistrate Judge Irma C. Ramirez) Copies to counsel: 10/30/02 Page(s) 1 (nmj) (Entered: 10/30/2002) |
| 11/07/2002 | 3 | AMENDED COMPLAINT by plaintiff Lester Jon Ruston , amending [1-1] Prisoner complaint and adding Dallas County District Attorney, Dallas County Sheriff's Department (5) (dws) (Entered: 11/07/2002) |
| 11/07/2002 | 4 | MOTION by plaintiff Lester Jon Ruston to proceed in forma pauperis (2) (dws) (Entered: 11/07/2002) |
| 11/14/2002 | 5 | ORDER unless plaintiff tenders the full filing fee of $150 within 30 days of the date of this Order, the Magistrate Judge will recommend that IFP be denied as barred by the three strikes provision and that this action be dismissed without prejudice for failure to comply with a court order ( Signed by Magistrate Judge Irma C. Ramirez) Copies to counsel: 11/15/02 Page(s) 2 (nmj) (Entered: 11/15/2002) |
| 02/06/2003 | 6 | AFFIDAVIT by plaintiff Lester Jon Ruston (1) (mcl) (Entered: 02/06/2003) |
| 02/12/2003 | 7 | FINDINGS, CONCLUSIONS AND RECOMMENDATIONS Signed by Magistrate Judge Irma C. Ramirez . copies to cnsl: 2/13/03 Case no longer referred to Magistrate Judge Irma C. Ramirez It is recommended that the Court deny plaintiff's motion for IFP and dismiss his complaint without prejudice for failure to comply with an order of the Court. As long as plaintiff remains a prisoner he may not proceed IFP. (nmj) (Entered: 02/13/2003) |
| 02/12/2003 | | PRELIMINARY ASSIGNMENT TO Magistrate Judge Irma C Ramirez (nmj) (Entered: 02/13/2003) |
| 02/28/2003 | 8 | ORDER ADOPTING 7 Findings and Recommendations of the United States Magistrate Judge. The Court hereby denies plaintiff's motion to proceed IFP. As long as plaintiff remains a prisoner within the meaning of 28 USC 1915(g), he may not proceed with the instant action or any other civil action without prepayment of the filing fee or a showing of imminent danger of serious physical injury. (Signed by Judge David C Godbey on February 28, 2003) (dws ) (Entered: 03/03/2003) |
| 02/28/2003 | 9 | JUDGMENT. It is ordered that plaintiff's complaint is dismissed without prejudice for failure to comply with an order of the Court pursuant to FRCP 41(b). (Signed by Judge David C Godbey on February 28, 2003) (dws ) (Entered: 03/03/2003) |
| 03/24/2003 | | Renoticed Order Accepting Findings and Recommendation of the US |

Baw's
V,
O' 6uin

**Continuation Form**

Dated:    04-08-03

To be completed whenever a standard MHRS form does not provide
adequate space for the required data.

RUSTON, LESTER                                    656
09-17-57
02-11-03                                          WM
PROGRAM:    SPRUCE                                68376

custody by Officer Steinman for aggravated assault and transported to RPD jail where
he was booked in.

The indictment dated 09-05-02 stated:

On or about the fifth day of September A.D. 2002, in the County of Dallas and said
state, did "Unlawfully then and there, intentionally and knowingly threaten Tommy
Joiner with imminent bodily injury and said defendant did use and exhibit a deadly
weapon, to wit: a knife, during the commission of the assault. Complainant Tommy
Joiner, Case F-0243174.

The Judgment dated 01-16-03 ordered that the patient be "committed to and confined at the Maximum
Security Unit of North Texas State Hospital or any other facility assigned by the Texas Department of
Mental Health and Mental Retardation for a period not to exceed 18 months.

The Physician's Certificate of Medical Examination done by Michael Pittman, M.D., 01-16-03, indicated
that the patient was incompetent.

SUPPRESSED
EVIDENCE
4247(d)

A competency examination by James P. Grigson, dated 02-03-01, indicated the psychiatric examination
took place in the Dallas County Jail on 02-01-01. Dr. Grigson basically said that he thought at that
particular date that the patient did have present ability to consult with his lawyers with a
reasonable degree of rational understanding and does have a rational as well as a factual understanding of
the proceedings against him. Dr. Grigson indicated that the patient was a 43 year old white male who
was able to reach goal states. He felt that his affect and mood were appropriate, as was his content of
thought, since he could discuss the charges against him as well as other lawsuits that the patient is
involved in. He denied there being any delusions or hallucinations and the patient is
oriented to time, place and person, with average intelligence.

The True Bill of Indictment done 06-14-00 (prior to his breaking probation) stated the patient
"Unlawfully then and there, intentionally and knowingly, harmed or threatened to harm G. Fernandez by
an unlawful act, to wit: by over the telephone directly to cause bodily injury to said G. Fernandez in
retaliation for and on account of the service of G. Fernandez as a public servant."

The Affidavit for Arrest Warrant from the City of Carrollton, Dallas County, Texas, dated 06-14-00,
provides additional information about present charges and motion to revoke probation. It states,

On 06-14-00 at approximately 3:00 AM, the complainant, Gary Fernandez, received a
threatening phone message from the suspect, Lester Ruston. Fernandez is a police
officer for the City of Carrollton and during the course of his duties has had occasion to
speak with the suspect. Ruston has had several ongoing conversations with Fernandez
and other Carrollton police detectives. Ruston was upset that a case he called to have
'looked into' almost a year ago has 'not been fully investigated.' The case Ruston is
referencing is his allegation that his sister stole his lawnmower and has not returned it.
The case was deemed to be a civil matter by investigators and no action was ever
taken. As a result, Ruston continued to harass Fernandez about his lack of

D: 04-07-03/DW  T: 04-11-03/ce (Steno)
R: 04-08-03 @ 2:05 PM by hand

Signature, Date, and Time

Page 3 of 12

Core Form:  ☐ Yes    ☐ No

Thomas D. Wiman. D.O.
Staff Psychiatrist
North Texas State Hospital
Vernon Maximum Security Unit
Continuation of MHRS    4-8

MHRS-cf

# Federal Public Defender

525 Griffin Street Suite 629
Dallas, TX 75202
Phone 214-767-2746
Fax 214-767-2886

August 7, 2005

Edward Iturralde
Assistant Discipline Counsel
The Florida Bar
651 E. Jefferson Street
Tallahassee, FL 32399-5033

Re: Lester Jon Ruston: TFB File No. 2006-00, 057(2A)

Dear Mr. Iturralde:

      I am responding to the letter from the Florida Bar dated July 28, 2005, regarding Lester Jon Ruston. Mr. Ruston is accused of threatening to assault and murder United States Magistrate Judge Irma Ramirez. Herein is my response:

      Mr. Ruston is both incompetent to stand trial and legally insane with respect to these charges. A forensic evaluation conducted by Dr. Maureen Burris contains these conclusions. On May 5, 2005, after a competency hearing, Chief District Judge A. Joe Fish committed the defendant to a facility to determine whether the defendant will regain the capacity to proceed in this matter.

      Enclosed is a copy of another forensic evaluation from August 16, 2001 where Mr. Ruston was found to be legally insane. This evaluation was conducted in the context of another case where Mr. Ruston had threatened to kill United States Secret Service Agent Jeff Elmore. Another attorney in our office represented Mr. Ruston in connection with that case.

      I have enclosed both of the forensic evaluations as well as discovery for this pending case. I specifically request that both of these evaluations and the discovery be sealed so as not to publicly reveal their contents. Also enclosed is a copy of the pending indictment. Mr. Ruston has been previously provided with a copy of the indictment, the discovery, and the current forensic evaluation, however I have forwarded additional copies to him.

      Please feel free to contact me if you have any questions regarding my representation of Mr. Ruston.

Sincerely,

Richard D. Goldman
Assistant Federal Public Defender





# FEDERAL PUBLIC DEFENDER

**Northern District of Texas**
**525 Griffin Street, Suite 629**
**Dallas, TX 75202**

Ira Kirkendoll
Federal Public Defender

Voice: (214) 767-2746
Fax: (214) 767-2886

August 23, 2004

*ApRil 27, 2005*
*"FiRST" VISIT*

Mr. Lester Jon Ruston
#04037709
Lew Sterrett Justice Center
c/o 500 Commerce St.
Dallas, Texas 75202

     Re:    U.S. v. Lester Jon Ruston, 3:04-cr-191-G

Dear Mr. Ruston:

    I have been appointed to represent you in your federal case.  I will be out to visit with you as soon as the trial I am presently involved in is over.

    Thank you.

*A LIE*

                  Sincerely,

                  Richard D. Goldman
                  Assistant Federal Public Defender

RG/mv

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES,                      §
PLAINTIFF                           §
                                    §
V.                                  §    CRIMINAL NO. 3:04-CR-191-G
LESTER JON RUSTON                   §
DEFENDANT                           §

ORIGINAL

MOTION FOR CONTEMPT OF COURT

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 6 2005

CLERK, U.S. DISTRICT COURT
By
          Deputy
```

Comes now, Defendant, Lester Jon Ruston, Pro-Se, due to ineffective assistance of "court" appointed counsel, and waiving his right to such files this, his Motion for Contempt of Court and would show the Honorable Judge of Said Court the following to wit:

I.

On or about Oct. 4, 2004 the court ordered a mental health "evaluation" based on the fraudulent and slanderous filing of "court" appointed Richard Goldman. Defendant was taken into Federal Custody on or about Oct. 15, 2004, which Richard Goldman still has not realized, based on the fact that he continues to send mail to the Defendant addressed to the Dallas County Jail.

II.

The "courts" order called for evaluations pursuant to Title 18 §§'s 4241 & 4242. The United States Attorney General took custody of Defendant on or about Oct. 29, 2004 and delivered Defendant to the MDC-Los Angeles on or about Nov. 4, 2004, when the clock started on Defendant's "evaluation", which was not to exceed 45 days, unless an extension was filed for good cause for an additional 30 days. Defendant has been held over 77 days without any evaluation, in violation of the Court's order. Additionally, the United States District Court issued a ruling that the Dallas District Court must deal with these allegations of fact in Ruston v. United States 04-10248 FMC (SH).

III.

The Government and Clerk of the Court have ignored Defendant's Writ of Habeas Corpus filed on or about Nov. 15, 2004 and have ignored the Court's pre-trial order.

Wherefore, premises considered, Defendant does move the Honorable Court to hold the U.S. Attorney, Public Defender Richard Goldman and the Attorney General's counsel in contempt of court for their blatant willful disobedience to the Court's orders and order them fined and jailed. Further, Defendant asserts a criminal conspiracy by these parties to violate Title 18 §§§ 2, 241 & 371 U.S. Code.

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 1500
Los Angeles, CA 90053

CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was provided to the Clerk of the Court on this 26th day of January, 2005, by regular U.S. Mail.

_____ Les J. Ruston-Defendant

Karen F. Hale, M.S.S.A.
Commissioner

June 19, 2001



CARLTON MCLARTY, ESQ.
FEDERAL PUBLIC DEFENDER
NORTHERN DISTRICT OF TEXAS
525 GRIFFIN STREET, SUITE 629
DALLAS, TX. 75202

WICHITA FALLS CAMPUS

Vernon State Hospital
P.O. Box 2231
Vernon, TX
76385-2231
(940) 552-9901
Fax (940) 553-2500

Wichita Falls
State Hospital
P.O. Box 300
Wichita Falls, TX
76307-0300
(940) 692-1220
Fax (940) 689-5538

Re: Lester J. Ruston

Dear Sir:

In response to the request for medical information concerning
the above named individual, information is furnished as in-
dicated by the check mark below:

XX Attached is the following material: COPIES OF ENTIRE RECORD.

___ Unable to identify the patient's records from the infor-
mation given. Any of the following would prove helpful:

Maiden Name:                          AKA:
Other Married Names:                  Admission Date:
Birthdate:                            Discharge Date:

___ Search reveals no record in our hospital.

___ The authorization provided is not sufficient for release
of the records requested.

Any information concerning the patient is released with the
understanding that it will not be further disclosed by you.

Sincerely,

Patsy Malone

Medical Records Department
BMK:pm

WF-#309
Med Rec (R-5/92)



18 U.S.C. SECTION 1623

COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 1 ...

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| V. | § | NO. 3:04-CR-191-G |
| | § | |
| LESTER JON RUSTON | § | |

## UNOPPOSED MOTION FOR PSYCHIATRIC
## AND PSYCHOLOGICAL EXAMINATION

COMES NOW LESTER JON RUSTON, Defendant, by and through his attorney of

record, in the above entitled cause and files this Motion for Psychiatric and Psychological

Examination pursuant to 18 U.S.C. §4241 as follows:

I.

Defendant has been charged in a 1 count indictment with violation of federal law, namely

Threatening a Federal Official, in violation of Title18 U.S.C. § 115.

II.

There is reasonable cause to believe that said defendant may presently be suffering from a

mental disease or defect rendering him mentally incompetent to the extent that he is unable to

understand the nature and consequences of the proceedings against him or to assist properly in

his defense.

In addition, there is reasonable cause to believe that there may exist factual grounds that

at the time of the acts constituting the offense, the defendant, LESTER JON RUSTON, as a

result of a severe mental disease or defect, was unable to appreciate the nature and quality or the

wrongfulness of his acts.

III.   *FRAUD - NEVER COMMUNICATED TO HIM ORALLY*

Such belief is based upon the nature and contents of oral communications by the said

defendant to his Court-appointed counsel. Recent communications from the defendant to the

defense counsel evince a possible delusional belief system under which the defendant may have

been acting at the time of the alleged offense.

Additionally, records indicate a long history of mental problems.    *FRAUD*

The government does not oppose this request for an evaluation.    *18 U.S.C SECTION 1623*

IV.

Defendant requests the Court order psychiatric and psychological examination of the

defendant to be conducted at FMC Fort Worth or other suitable facility on the issues of

determination of mental competency to stand trial, the issue of the defendant's sanity at the time

of the commission of the offense herein, and on the issue of any mental disease of defendant or

any other mental condition of the defendant bearing on the issue of his guilt, and that psychiatric

and psychological reports be filed with the Court pursuant to the provisions of Title 18, United

States Code, section 4247(b), (c) and (e).

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that this Honorable

Court, pursuant to Title 18, United States Code, sections 4241, 4242 and 4247, order that the

defendant, LESTER JON RUSTON, be committed to the custody of FMC Forth Worth or other

suitable facility on the issues of determination of mental competency to stand trial, the issue of

the defendant's sanity at the time of the commission of the offense herein, and on the issue of any

mental disease or defect or any other mental condition of the defendant bearing on the issue of

his guilt; and that the examiners conducting such psychiatric and psychological examinations be

2

ordered to prepare reports in accordance with Title 18, United States Code, section 4247(b), (c)

and (e).

Respectfully submitted,

Richard D. Goldman
Assistant Federal Public Defender
Northern District of Texas
Florida Bar No. 361607
525 Griffin, Suite 629
Dallas, Texas 75202
(214) 767-2746

*Not Licensed in Northern District of Texas*

Attorney for Defendant

## CERTIFICATE OF CONFERENCE

I, Richard D. Goldman, certify as follows:

☒    In compliance with Local Rule 5.1, a conference on the attached motion was held on

September 29, 2004, between the undersigned and Rick Calvert, the Assistant United

States Attorney ("AUSA") assigned to the case. During the conference, it was

determined that:

☒    The AUSA does not oppose the motion.

DATED: September 29, 2004

Richard D. Goldman
Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I, Richard D. Goldman, do hereby certify that on the date shown below, a copy of the

foregoing was hand-delivered to Rick Calvert, Assistant United States Attorney, at 1100

Commerce Street, Third Floor, Dallas, Texas.


DATED: October 1, 2004

Richard D. Goldman
Assistant Federal Public Defender

Texas Department of
Mental Health and Mental Retardation

Karen F. Hale, M.S.S.A.
*Commissioner*

Central Office
P.O. Box 12668
*Austin, TX*
78711-2668
(512) 454-3761

December 22, 1999

VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Mr. Les Ruston
P. O. Box 703853
Dallas, TX 75370

RE:   Your Recent Telephone Message; Consent to Release Records

Dear Mr. Ruston,

Thank you for your voice mail message received on December 14, 1999. The purpose of this letter is to confirm several points you made in your message and to respond to your request that I share information with media or law enforcement officials that may contact me concerning your admission to the Wichita Falls campus of the North Texas State Hospital (the "Hospital"), formerly known as the Wichita Falls State Hospital.

I understand from your telephone message that you do not want me to forward copies of written documents relating to your admission to the Hospital. You emphasized that you have already released copies of the written record of your commitment and that your recent consent was intended only as a request that I communicate with the press and law enforcement officials about your commitment.

I did contact Captain Vickers of the Texas Rangers and informed him that you had asked that I call him. I asked him if he had questions for me about the law and much of our conversation involved me listening to him discuss various topics, including the concerns you have raised. Without confirming whether you had been a patient, I did relay to him that my reading of Texas law is that a lawful commitment must be based on two certificates of medical examination. He informed me that he had a "whole ream" of papers he had received from you. I got the impression from speaking with him that providing additional information was not going to affect his investigation into the complaint you have filed with him.

If you want me to provide any details of your commitment or any other confidential information to anyone, you should complete a written consent form as discussed in my December 13, 1999, letter to you. I would be happy to do so at your request. For your convenience, I have provided another copy of that letter as

IN RE RUSTON EXHIBIT "B" PAGE 17 OF 20

SANDOVAL CONSPIRED TO VIOLATE THIS HIGHLIGHTED CODE TO AID AND ABETT STALKING AND THE MISAPPROPRIATION OF TAXPAYERS FUNDS. ALL DOCUMENTS FILED TOHIS COURT WERE FRAUDULENT IN CRIMINAL VIOLATION OF ARTICLE 51.904 TEXAS GOVERNMENT CODE......CRIMES!!!!!!!!!

NOT IMMUNE

Letter to Mr. Ruston
December 13, 1999
Page 2

well as additional copies of a blank consent form.

In your phone message to me, you also instructed me to double-check every commitment from Collin and Denton Counties and to pull the file on Frederick Brown.

SANDOVAL VIOLATED THIS CODE

TEX. HEALTH & SAFETY CODE ANN. § 574.009 (a) provides, in part, that "a hearing on an application for court-ordered mental health services may not be held unless there are on file with the court at least two certificates of medical examination for mental illness completed by different physicians each of whom has examined the proposed patient during the preceding 30 days." I understand that your commitment to the Hospital involved only one CME. And, I also understand that you are concerned Mr. Brown and others from Denton or Collin Counties may have been wrongfully committed to the Hospital. However, legally, it appears to me that a facility of this agency would not have standing in court to complain about a patient having been committed to its care under an apparently unlawful commitment order. Further, I believe that a hospital administrator who refuses to accept for admission a person committed under an authentic order from a Texas court would thereby risk being held in contempt and being confined in jail and/or being assessed a fine. On the other hand, a patient who believes he has been unlawfully committed to one of our facilities may elect to hire a private lawyer to file with the local court or file without the assistance of a lawyer a writ of habeas corpus seeking his release.

You have complained to me about the judge who committed you to the Hospital and you have alleged that he or she acted improperly. Accordingly, you may wish to share your complaint with the Texas Commission on Judicial Conduct. Their mailing address is P. O. Box 12265, Austin, Texas 78711-2265. Their phone number is 512/463-5533. If you are interested and at your request, they will send you an information packet and complaint form.

You have also raised concerns that might be of interest to Advocacy Incorporated, a private organization financially supported by taxpayers that is dedicated to protecting the rights of the mentally ill. That organization's North Texas office can be reached by telephone at 1-800-880-2884. For your information, their Austin telephone number is 512/454-4816.

If I have misunderstood any part of your message to me, please contact me

Letter to Mr. Ruston
December 13, 1999
Page 3

immediately.

As you know, I represent only the interests of this agency and its facilities, including the Hospital; I do not represent you. No communication between us including this letter is intended or may be relied upon by you as legal advice. I strongly recommend that you promptly consult with your own attorney about these matters.

If you have any questions or need further information, please feel free to contact me at 512/206-5195.

Sincerely,

Thomas D. McClure
Attorney, Legal Services

TDM:

Dated: _____

To be completed whenever a standard MHRS form does not provide adequate space for the required data.

**Lester Ruston      68376      February 23, 1999**

```
556              5:.W           n-3

RUSTON, LESTER JON
09-17-57    W M              PRCT
TEMP      C2-19-99         CCLLIN
458-15-92C1               C68376
```

## PAST HISTORY:

The patient denies any previous contact with the mental health system. He said he had never been hospitalized in a mental hospital and has never attempted suicide before.

**Medical History:** He has acne vulgaris and is on Ampicillin 250 mg twice a day, which was ordered today. He did have a T&A in the past. Interestingly, he had an HIV test one year ago, which was negative. He denies any high-risk behavior, such as IV drugs or homosexuality.

**Family History:** Mother has epilepsy. There is no other family history of mental illness, mental retardation or substance abuse.

**Social/Legal Status:** He has had one and a half years of college and owns his own business in lawn care. He is divorced and has a 17 year old son, who as mentioned, attempted suicide December 22. He stated he has been verbally and physically abused by his father.

## MENTAL STATUS:

Patient was appropriately dressed. Does obviously have facial acne. He had good eye contact, euthymic mood and reactive affect, came across well, no formal thought disorder and he absolutely was not manic, hypomanic. To sum everything up, he came across without psychiatric signs, but in further detail, he was logical, presented material satisfactory and explained what was on the CME. He is an actor! He could be correct about the Plano Independent School District. His judgment is considered satisfactory, his insight is not really there regarding why they thought he was manic. It is interesting how long he has been in jail. He denies he is on a felony charge.

## PRESUMPTIVE DIAGNOSIS:

Axis I:  No Mental Illness.

"This information has been disclosed to you from records whose confidentiality is protected by federal law. Federal Regulations (42 CFR Part 2) prohibits you from making further disclosure of it without the specific written consent of the person to whom it pertains or as otherwise permitted by such regulations. A general authorization for the release of medical or other information is NOT sufficient for this purpose. The federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug client."

D:

Signature, Date, and Time

Page 3 of 4          Core Form: [X] Yes    [ ] No          Continuation of MHRS  3-1

MHRS-cf

# CERTIFICATE OF DISCHARGE

## WICHITA FALLS STATE HOSPITAL

| 3 | 16 | – | 99 |
|---|---|---|---|
| Month | Day | | Year |

I certify that _Lester Ruston_ who was admitted to this hospital as a patient on the _19_ day of _Feb_, _99_, from _Collin_ County, is discharged this date as authorized by Section 574.086 of the Texas Health and Safety Code, for the following reasons:

_No Referral with MHMR_

"This information has been disclosed to you from records whose confidentiality is protected by federal law. Federal Regulations (42 CPR Part 2) prohibits you from making further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulations. A general authorization for the release of medical or other information is NOT sufficient for this purpose. The federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug client."

_Jack Barthold / ME_

Jack Barthold, Assistant Superintendent

_P.O. Box 703853_
**Address Where Client Will Reside**

_Dallas, Texas 75310_
City          State          Zip

```
RECIEVED
MAR 17 1999
MEDICAL RECORDS
```

WF-#5
(REV. 2/98)

**Continuation Form**

**Dated:**

| To be completed whenever a standard MHRS form does not provide adequate space for the required data. | RUSTON, LESTER JON 04-17-57   W M TEMP   02-19-99 |
|---|---|
| **Lester Rustin**    **68376**    **March 4, 1999** | 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    FRCT CCLLIH C68376 |

## RECOMMENDATIONS AND IMPLICATIONS FOR TREATMENT AND DISPOSITION:

It is recommended that the patient be discharged, as soon as possible. He does not present with a psychiatric illness at this facility.

_Kevin L. Boring_ 3/c/99

Kevin L. Boring, M.A.
Associate Clinical Psychologist III


_Donald W. Boulware Phs._ 3-29-99

Donald W. Boulware, Ph.D.
Clinical Psychologist II

KLB:kje
D: 3-17-99
T: 3-22-99

"This information has been disclosed to you from records whose confidentiality is protected by federal law. Federal Regulations (42 CPR Part 2) prohibits you from making further disclosure of it without the specific written consent of the person to whom in pertains, or as otherwise permitted by such regulations. A general authorization for the release of medical or other information is NOT sufficient for this purpose. The federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug client."

**D:** _____

**Signature, Date, and Time**

**Page 3 of 3**          Core Form: ☐ Yes   ☐ No          Continuation of MHRS __3-12__

MHRS-cf

**Referral Instructions**

FULTON, LESTER JOH
09-17-57    W M        PROT
P        2-19-99    COLLIN
4__-19-92__          068376

To be completed by the Social Worker or other designated treatment team member after discharge staffing and before actual discharge/furlough date. Original filed in the patient record; copies to patient/family and referral agency.

Date of Adm. 2/19/99  Date of (Disch.)Furl. 03/16/99

Facility Contact Person: _Patty E. Onder Lmsw/Acp_  Phone Number: (941) 689-3566

Name of MHA Liaison: _Anissa Vience, ccc_

MHA Liaison involved in Discharge Planning/Aftercare?  ☑ Yes    ☐ No

| | |
|---|---|
| Patient Referred to: _D.N.S._ | Patient Referred to: |
| Contact Person: | Contact Person: |
| Appointment Date/Time: | Appointment Date/Time: |
| Address/Phone No. of Referral: | Address/Phone No. of Referral: |

Patient Released To: _all_

To Reside With:

(Include Address, Phone#) _P.O. Box 703853_
_Dallas TX  75370_

Instruction to Patient/Family/Guardian: _Les, you are being released_
_with an Axis I Dx of NO MENTAL ILLNESS._

Medication Regimen: _Ampicillin 250 mg p.o. B.I.D for Acne —_
_fifteen-day supply with patient._

Check if Applicable:

☑ Patient involved in discharge planning/aftercare.

☑ Family/guardian involved in discharge planning/aftercare.

☑ Patient and/or guardian given copy of Community Support Plan/Referral Instructions.

☑ Patient and/or guardian given copy of "Notice of Legal Rights" and informed of Advocacy, Inc.

☐ Patient and/or family have been thoroughly informed regarding who will provide aftercare, how to get there, and who to contact if problems are encountered.

☐ The medication regimen, special diet, and any other special procedures or needed services have been explained and discussed with the patient/family. If applicable, side effects, precautions, or related hazards are explained.

☑ Patient does not desire aftercare services.

Patient Signature _[signature]_

_Patty Onder Lmsw/Acp_
Social Worker or Designated Treatment Team Member

Family/Guardian Signature

_03/15/99_
Date

MHRS 4-7

# CIVIL DOCKET

Case No. 99-43-MC

| Number of Case | NAMES OF PARTIES | | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|
| | | | | | Month | Day | Year |
| 99-43-MC | THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF | | ASSISTANT DISTRICT ATTORNEY | APPLICATION FILED | 02 | 08 | 99 |
| | | VS | Pltf. | | Jury Fee. $ | | |
| FEE BOOK | | | | | | | |
| Vol. | Page | | LES RUSTON | | Paid by | | |
| 20 | 372 | | | | | | |
| DATE OF ORDERS | | | CRT. REP.: | DANNY WILSON | Jury No. | | |
| Mo. | Day | Year | | Deft. | | | |

ORDERS OF COURT

| 02 | 11 | 99 | PC HEARING: No probable cause for 0 $SB Patient alleged to retired to jail. |
| 2 | 18 | 99 | Final Hearing: Proposed Patient Ordered to WTSH for period of time not to exceed ninety days. WTSH is to contact Collin County Jail to pick up releasing proposed patient. |

"This information has been disclosed to you from records whose confidentiality is protected by federal law. Federal Regulations (42 CFR Part 2) prohibits you from making further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulations. A general authorization for the release of medical or other information is NOT sufficient for this purpose. The federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug client."

Dated: _____

To be completed whenever a standard MHRS form does not provide adequate space for the required data.

**Lester Ruston**      68376      **February 23, 1999**

RUSTON, LESTER JOH
09-17-57    W M
TEMP      02-19-99
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

PRCT
CCLLIN
C66376

Axis II:  No Mental Illness.

Axis III: Acne Vulgaris.

## FORMULATION AND RECOMMENDATIONS:

I feel that I must keep this patient in the hospital long enough for a thorough evaluation and we will have him seen by my psychologist. I don't expect him here long. Just from what I have seen and read in the progress notes, I really agree with Dr. Weir, who is the jail psychologist. In no way did he come across as described in the CME.

_W S Bass, MD_
_____
William Bass, M.D.
Psychiatrist

WB:kje
D:  2-23-99
T:  2-23-99

"This information has been disclosed to you from records whose confidentiality is protected by federal law. Federal Regulations (42 CFR Part 2) prohibits you from making further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulations. A general authorization for the release of medical or other information is NOT sufficient for this purpose. The federal rules restrict any use of the information to criminally investigate or prosecute any alcohol or drug client."

D:

Signature, Date, and Time

Core Form:  ☒ Yes    ☐ No      Continuation of MHRS  3-1

MHRS-cf



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

NOV 1 8 2005

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

UNITED STATES OF AMERICA     §
                              §

v.                             §     Criminal No. 3:04-CR-191-G
                              §

LESTER JON RUSTON

Received FPD

NOV 2 1 2005

Dallas Office

### ORDER

On the the 5th day of May, 2005, came on to be heard the Defendant's motion

pursuant to 18 U.S.C. § 4241(a), requesting that a psychiatric or psychological

examination of the defendant be conducted and a hearing be set before the Court pursuant

to 18 U.S.C. §§ 4241(c) and 4247(d) to determine the defendant's competency to stand

trial.

After due consideration of the pleadings, evidence presented during the hearing on

May 5, 2005 including the Forensic Evaluation submitted by Maureen Burris, Ph.D.,

arguments of counsel, as well as a progress letter dated October 27, 2005 from the United

States Medical Center for Federal Prisoners where the defendant is currently being

treated, the Court finds by a preponderance of the evidence that the defendant, Lester Jon

Ruston, continues to suffer from a disease or defect rendering him mentally incompetent

to the extent that he is unable to assist properly in his defense.

**IT IS THEREFORE ORDERED** pursuant to 18 U.S.C. § 4241(d)(2)(A) that the

defendant be committed to the custody of the Attorney General for placement in a suitable

**Order - Page 1**

EXHIBIT "A" IN RE RUSTON 05-11803 PAGE 7 OF 13
EXHIBIT Case: 1:04-cr-00224-RMU    Document 28-3    Filed 07/10/2006    Page 32 of 32
Case 3:04-cr-00191    Document 91    Filed 11/18/2005    Page 2 of 2

/ YEAR /

facility for treatment for such a reasonable period of time, not to exceed four months, to

determine whether there is a substantial probability that in the foreseeable future the

defendant will attain the capacity to permit the trial in this matter to proceed.

    **IT IS FURTHER ORDERED** that once the director of the facility in which the

defendant is hospitalized pursuant to this order determines that the defendant has

recovered to such an extent that he is able to understand the nature and consequences of

the proceedings against him and to assist properly in his defense, he or she shall promptly

file a certificate to that effect with the clerk of the court. Once filed, the clerk of the court

shall send a copy of the certificate to the defendant's counsel of record and to the attorney

for the Government.

    Signed this __18__ day of _November_, 2005.


              _____
              A. JOE FISH
              CHIEF UNITED STATES DISTRICT JUDGE
              NORTHERN DISTRICT OF TEXAS