UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER JON RUSTON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 06-0224 (RMU) |
| : | |
| DEPARTMENT OF JUSTICE, : | |
| : | |
| Defendant. : | |

**MEMORANDUM ORDER**

The plaintiff brings this civil action against the United States Department of Justice under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 522 *et seq*. This matter is before the court on the parties' cross-motions for summary judgment.

For the Department of Justice to prevail on summary judgment, it must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to its compliance with FOIA. *See Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (citing *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984), *reh'g denied*, 763 F.2d 1436 (D.C. Cir. 1985)). Among other things, FOIA requires that any reasonably segregable portion of a record shall be disclosed to the requester after deletion of the exempt portions, unless the exempt and non-exempt portions are inextricably intertwined. *See Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022 (D.C. Cir. 1999); 5 U.S.C. § 552(b). The Court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1242 n.4 (D.C. Cir. 1991)

(quoting *Church of Scientology of California v. United States Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)).

At issue in this case is the defendant's decision to withhold four documents in full under Exemptions 4, 5, 7(C) and 7(F). On a preliminary review of the record, including the defendant's *in camera* declaration, it appears that the cited exemptions likely would justify the defendant's decision to withhold certain, but not necessarily all, information. On the current record, the court cannot determine whether there is any reasonably segregable information that can be disclosed. The court therefore defers ruling on the parties' cross-motions for summary judgment, and orders defendant to submit the four documents at issue for *in camera* review.

Accordingly, it is this 8th day of January, 2007, hereby

**ORDERED** that, within 30 days of entry of this Order, the defendant shall submit the responsive documents for *in camera* review. The defendant also may submit any supplemental declaration it deems appropriate.

**SO ORDERED**.

                                                                RICARDO M. URBINA
                                                                United States District Judge