UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| LESTER JON RUSTON, | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | | |
| v. | : | Civil Action No.: | 06-0224 (RMU) |
| | : | | |
| DEPARTMENT OF JUSTICE, | : | Document Nos.: | 12, 19 |
| | : | | |
| Defendant. | : | | |

MEMORANDUM OPINION[1]

GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT; DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I. INTRODUCTION

This matter is before the court on the parties' cross-motions for summary judgment. The plaintiff seeks to compel the defendant to disclose four documents regarding his psychological examinations by the defendant. Because the defendant's search for documents was adequate and because the defendant establishes that the names of third parties are properly withheld under Exemption 7(C), the court grants the defendant's motion in part. Because Exemption 4 may protect Document 1 from disclosure, the court declines to require the defendant to disclose the document at this juncture. Last, the court denies the defendant's motion for summary judgment in part because the doctor's notes are not protected from disclosure under Exemptions 5 or 7(F)

---

[1] Since the filing of this civil action, the court has learned that the plaintiff accumulated "three strikes" under the Prison Litigation Reform Act, see 28 U.S.C. § 1915(g), and, absent a showing of imminent danger of serious physical injury, did not qualify for *in forma pauperis* status. The plaintiff is a prisoner for purposes of the PLRA, see 28 U.S.C. § 1915(h), and, the Court rejects his assertion that he is a "civil detainee." The court, however, declines to revoke the plaintiff's *in forma pauperis* status at this stage of the proceedings. The plaintiff is advised that any future filing is subject to dismissal under 28 U.S.C. § 1915(g).

and because the defendant has not shown that it released all reasonably segregable information in Documents 2-4.

## II.  BACKGROUND

The plaintiff submitted a request for information to the Federal Bureau of Prisons ("BOP") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Compl. ¶ 4. Specifically, he sought:

> all documents in the possession of the B.O.P. regarding a psychological examination of [the plaintiff] by a B.O.P. staff Psychologist named Dr. Maureen [Burris] of the MDC-Los Angeles, which occurred beginning in November of 2004 through April of 2005.

Mem. of P.& A. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mot."), Ex. A ("Kosiak Decl.") ¶ 4 & Attach. 1 (June 2, 2005 FOIA Request Letter, assigned Request No. 2005-06378).  The plaintiff stated that he did "not need a copy of her 'examination,' just her handwritten notes and all documents in the possession of [BOP] regarding dates, times and calendars of all meetings with [the plaintiff]."  *Id.*, Attach. 1.  BOP released two documents, and withheld four documents in full under Exemptions 2, 5, 7(C), and 7(F).  *Id.* ¶¶ 10, 14 & Attach. 7 (August 5, 2005 letter from D. Kosiak, Regional Counsel, North Central Regional Office, BOP).  BOP's initial response was affirmed on administrative appeal.  *Id.* ¶ 12 & Attach. 9 (December 21, 2005 letter from M.A. Pustay, Deputy Director, Office of Information and Privacy, Department of Justice). The plaintiff subsequently filed suit in this court, demanding, *inter alia*, full release of the four withheld documents.

### III. ANALYSIS

#### A. Summary Judgment Standard

The court grants a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[2] *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims

---

[2] In support of its motion, the defendant submits the declaration of Daryl J. Kosiak. Mr. Kosiak is the Regional Counsel for BOP's North Central Region. Kosiak Decl. ¶ 1. He makes his declaration "on the basis of [his] review of the official files and records of Bureau of Prisons, [his] own personal knowledge, or on the basis of information acquired by [him] through the performance of [his] official duties." *Id.* ¶ 2. He is familiar with the procedures followed in responding to the plaintiff's FOIA request. *Id*.

A second declaration is submitted for *in camera* review.

about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. and Exchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B. Adequacy of Search

FOIA requires that an agency conduct a reasonable search for responsive records using methods reasonably expected to produce the information requested. *Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998). The agency bears the burden of showing that its search was calculated to uncover all relevant documents. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. *Id.* at 127. If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990).

According to the defendant's declaration, Burris reviewed her file regarding the psychological evaluation of the plaintiff and her personal calendar. Kosiak Decl. ¶ 14. She found six documents responsive to the plaintiff's FOIA request, two of which the defendant released in full. *Id.* The documents consisted of a two-page letter to the judge who ordered the psychiatric and psychological examination of the plaintiff and a copy of Dr. Burris' certificate to practice as a psychologist issued by California's Board of Medical Quality Assurance. *See id.* The defendant withheld the remaining four documents in full. *Id.*

Although the plaintiff purports to "oppose every aspect of Defendant's Motion for Summary Judgment," Pl.'s Opp'n at 1, he articulates no challenge to the scope or methods of the defendant's search. The court's review of the defendant's supporting declarations, moreover, shows that the defendant's search was adequate and reasonable under the circumstances.

### C. Exemptions

#### 1. Exemption 4

Exemption 4 protects from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). The defendant has withheld in full Document No. 1, which consists of copyrighted materials. Kosiak Decl. ¶ 19.

The defendant describes the contents of Document No. 1 as "raw data obtained by BOP forensic psychologist during an interview with the plaintiff to assist her in determination of his competency to stand trial." Kosiak Decl., *Vaughn* Index (Document No. 1). The document contains "two tests [] purchased by the BOP from a private company which produces the test formats and makes them available for sale to licensed psychologists." *Id.* ¶ 19. Both tests are copyrighted. *Id.*

BOP asserts that these records, now in the agency's possession, are agency records for purposes of FOIA. Kosiak Decl. ¶ 20. Because "release of these documents to the public might adversely affect the copyright holder's potential market," BOP withholds them in full, at least until the copyright holders "ha[ve] been contacted, and provided the opportunity to assert any objections to disclosure and the grounds for such objections." *Id.* BOP represents that it has contacted the copyright holder of the Minnesota Multiphasic Personality Inventory-2 (MMPI-2),

and awaits its response.[3]  *Id.* ¶ 21.  The copyright holder of the second test, the WAIS-II, publishes on its website a statement that its test instruments are "trade secrets."  *Id*. ¶ 22.

Because the copyright holders should have an opportunity to state their objections, if any, to the disclosure of these test materials, the court declines to require the disclosure of Document No. 1 at this time.  *Weisberg v. United States Dep't of Justice*, 631 F.2d 824, 829 (D.C. Cir. 1980) (concluding that district court "should have sought the presence of the alleged copyright holders" under Federal Rule of Civil Procedure 19 before deciding whether copyrighted photographs in FBI files should be released).  At this juncture, however, the court denies without prejudice the defendant's motion for summary judgment with respect to these documents.  After ascertaining the copyright holders' positions on disclosure, the defendant may renew its motion, submitting any supporting documents it deems appropriate, within 45 days of entry of this Memorandum Opinion and Order.

### 2. Exemption 5

Exemption 5 protects from disclosure "inter-agency or intra-agency memorand[a] or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  "[T]he parameters of Exemption 5 are determined by reference to the protections available to litigants in civil discovery; if material is not 'available' in discovery, it may be withheld from FOIA requesters."  *Burka v. United States Dep't of Health and Human Servs.*, 87 F.3d 508, 516 (D.C. Cir. 1996); *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1975).

---

[3]  In the interim, BOP asserts that the MMPI-2 materials properly are withheld in full under Exemption 7(F).  Kosiak Decl. ¶ 21.

The deliberative process privilege is thought to "prevent injury to the quality of agency decisions." *Id.* at 151. Such protection encourages frank discussion of policy matters, prevents premature disclosure of proposed policies and avoids public confusion that may result from disclosure of rationales that were not ultimately grounds for agency action. *See, e.g., Russell v. Dep't of the Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982). The deliberative process privilege "shields only government 'materials which are both predecisional and deliberative.'" *Tax Analysts v. Internal Revenue Serv.*, 117 F.3d 607, 616 (D.C. Cir. 1997) (quoting *Wolfe v. Dep't of Health & Human Servs.*, 839 F.2d 768, 774 (D.C. Cir. 1988) (en banc)). To show that a document is predecisional, the agency need not identify a specific final agency decision; it is sufficient to establish "what deliberative process is involved, and the role played by the documents at issue in the course of that process." *Heggestad v. United States Dep't of Justice*, 182 F. Supp. 2d 1, 7 (D.D.C. 2000) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980). A document is "deliberative" if it "makes recommendations or expresses opinions on legal or policy matters." *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir. 1975).

Ms. Burris conducted a psychological evaluation of the plaintiff pursuant to an Order issued by the presiding judge in the plaintiff's criminal case. *See* Kosiak Decl. ¶ 16. BOP argues that the notes Ms. Burris made "in connection with her evaluation of the plaintiff reflect[] her pre-decisional thoughts," and her report to the court reflects "the agency's final decision on the plaintiff's competency to stand trial." *Id.* ¶ 26. BOP's argument is not persuasive, however, because BOP does not show that Ms. Burris' notes were part of any deliberative process within the agency. Nor does BOP suggest that these records are withheld for the policy reasons

typically relevant under Exemption 5. Rather, it appears that Ms. Burris' notes and, ultimately her evaluation report, were generated pursuant to a court Order for use by the court itself.[4] The court therefore concludes that the defendant has not established that Burris' notes are exempt from disclosure under Exemption 5.

### 3. Exemption 7

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm. 5 U.S.C. § 552(b)(7); *see Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 622 (1982). To withhold materials under Exemption 7, an agency must establish that the records at issue were compiled for law enforcement purposes and that the material satisfies the requirements of one of the subparts of Exemption 7. *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982). In assessing whether records are compiled for law enforcement purposes, the "focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Jefferson v. Dep't of Justice*, 284 F.3d 172, 176-77 (D.C. Cir. 2002) (citations and internal quotations omitted).

BOP is a law enforcement agency. *Duffin v. Carlson*, 636 F.2d 709, 713 (D.C. Cir. 1980) (concluding that BOP is a "criminal law enforcement authority"); *Swope v. United States Dep't of Justice*, 439 F.Supp.2d 1, 6 (D.D.C. 2006) (recognizing BOP's law enforcement function of "protecting inmates, staff, and the community"). Among other functions, BOP is responsible for

---

[4] The court determined that the plaintiff "continues to suffer from a disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense." Pl.'s Opp'n, Attach. (*United States v. Ruston*, Crim. No. 3:04-CR-191-G (N.D. Tex. Nov. 18, 2005).

the management and regulation of federal correctional institutions and for housing in suitable quarters those persons charged with or convicted of federal offenses. 18 U.S.C. § 4042.

The plaintiff was charged with threatening a federal official. Aff. of Lester Jon Ruston in Support of Special Counsel ("Pl.'s Aff.") [Dkt. #7], Ex. (March 14, 2005 Report of Forensic Evaluation) at 9. The presiding judge ordered a psychological evaluation of the plaintiff "for present competency to stand trial . . . and whether [the plaintiff] was sane at the time of the crime." *Id.* at 1. Because the records the plaintiff requests were compiled by the BOP employee who conducted the evaluation and because BOP staff used those records in carrying out the agency's law enforcement mission, Kosiak Decl. ¶¶ 15-16, the defendant establishes that it complied the records at issue for law enforcement purposes.

### a. Exemption 7(C)

Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(7)(C). In determining whether Exemption 7 applies to particular material, the court must balance the interest in privacy of individuals mentioned in the records against the public interest in disclosure. *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993). "[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)).

The defendant has withheld the names of and references to third parties, including a psychology department staff member, who are mentioned in the relevant records. Kosiak Decl.

9

¶ 32 & *Vaughn* Index. Disclosure of this information, the defendant submits, could subject these individuals to an unwarranted invasion of their personal privacy, to unanticipated and unwanted injury to their reputations, and to derogatory publicity or inferences arising from their connection to law enforcement. *Id.* ¶ 28. Case law amply supports the defendant's position. Exemption 7(C) recognizes that the stigma of being associated with law enforcement activity affords broad privacy rights to those who are connected in any way with such an investigation unless a significant public interest exists for disclosure. *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. at 773-75; *SafeCard Servs., Inc*, 926 F.2d at 1205-06.

      The disclosure of the names of private individuals mentioned in law enforcement files would serve a significant public interest only where "there is compelling evidence that the agency denying the FOIA request is engaged in illegal activity," and that the information sought "is necessary in order to confirm or refute that evidence." *Davis*, 968 F.2d at 1282 (quoting *SafeCard Servs., Inc.*, 926 F.2d at 1205-06). The plaintiff makes no such showing; his vague allegations of fraud, conspiracy and waste of taxpayer dollars, *see* Pl.'s Opp'n at 1-3, do not suffice. Furthermore, the purported public interest is, in fact, focused on the plaintiff's own criminal case. *See generally* Pl.'s Mot. for Summ. J.; Pl.'s Aff. The plaintiff's private agenda, however, is irrelevant. *Horowitz v. Peace Corps*, 428 F.3d 271, 278-79 (D.C. Cir. 2005) (reasoning that the plaintiff's need for records to pursue a civil suit is irrelevant), *cert. denied*, __U.S.__, 126 S. Ct. 1627 (2006); *Taylor v. United States Dep't of Justice*, 268 F. Supp. 2d 34, 36 (D.D.C. 2003) (concluding that there was no public interest in disclosure of information to assist the plaintiff in challenging conviction).

**b. Exemption 7(F)**

Exemption 7(F) protects from disclosure information contained in law enforcement records that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F). "While courts generally have applied Exemption 7(F) to protect law enforcement personnel or other specified third parties, by its terms, the exemption is not so limited; it may be invoked to protect 'any individual' reasonably at risk of harm." *Long v. United States Dep't of Justice*, 450 F. Supp. 2d 42, 79 (D.D.C. 2006) (quoting 5 U.S.C. § 552(b)(7)(F)), *order amended*, ---F. Supp. 2d ----, 2007 WL 293508 (D.D.C. Feb. 2, 2007). "[T]he court should 'within limits, defer to the agency's assessment of danger.'" *Garcia v. United States Dep't of Justice*, 181 F. Supp. 2d 356, 378 (S.D.N.Y. 2002) (quoting *Linn v. United States Dep't of Justice*, 1995 WL 631847, *9 (D.D.C. Aug. 22, 1995)). There must be "some nexus between disclosure and possible harm." *Linn*, 1995 WL 631847 at *8.

The *Vaughn* Index describes the withheld records as follows: "raw data obtained by BOP forensic psychologist during an interview with the plaintiff," "handwritten notes taken by a forensic pathologist during an interview with the plaintiff," a "Revised Competency Analysis completed by a forensic pathologist," and the "Forensic Interview Format completed by a psychologist." Kosiak Decl., *Vaughn* Index. The defendant has withheld these documents in full, arguing that their disclosure could risk Dr. Burris' safety. *See id.*

Having reviewed BOP's BOP's *in camera* submissions, the court concludes that BOP does not meet its burden. BOP does not establish that release of the records could reasonably be expected to endanger Dr. Burris' life or physical safety, particularly where the plaintiff is currently incarcerated and where there is a vast geographical distance between the plaintiff and

11

Dr. Burris. This is not a situation where an agency has shown a palpable risk of to a person's life or physical safety. *See, e.g.*, *Sussman v. United States Marshals Service*, No. 03-610 (HHK), 2005 WL 3213912, *9 (D.D.C. Oct. 13, 2005) (withholding under Exemption 7(F) information pertaining to investigation of physical threat on federal judge's life); *Garcia*, 181 F. Supp. 2d at 378 (withholding under Exemption 7(F) identifying information about private citizens and third parties who provided information to FBI concerning the plaintiff's criminal activities, given the plaintiff's history of retaliation against such individuals); *Durham v. United States Dep't of Justice*, 829 F. Supp. 428, 434 (D.D.C. 1993), *appeal dismissed*, No. 93-5354, 1994 WL 704043 (D.C. Cir. Nov. 29, 1994) (withholding identities of third parties who had knowledge of the plaintiff's crime and who requested placement in federal witness protection program).

      Furthermore, the handwritten notes contain information supplied by the plaintiff; that is, the notes reflect his responses to questions posed to him during interviews with Dr. Burris. Absent a compelling argument to the contrary, the court is reluctant to hold that FOIA exemptions justify withholding information about the requester himself. *See United States v. Julian*, 480 U.S. 1, 13 (1988) (rejecting argument that Exemption 5 bars disclosure of presentence investigation report "when the individual requesting discovery is the subject of the report"); *Fine v. United States Dep't of Energy*, 823 F.Supp. 888, 909 (D.N.M. 1993) (concluding that there was no unwarranted invasion of privacy under Exemption 7(C) in disclosing document containing "only allegations and statements by plaintiff himself").

### D. Segregability

      If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions

are inextricably intertwined with exempt portions. *Trans-Pacific Policing Agreement v. United States Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999); 5 U.S.C. § 552(b). The court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Powell v. United States Bureau of Prisons*, 927 F.2d 1239, 1242 n.4 (D.C. Cir. 1991) (quoting *Church of Scientology of Cal. v. United States Dep't of the Army*, 611 F.2d 738, 744 (9th Cir. 1979)).

The defendant neither justifies the withholding in full of the four documents at issue under Exemption 7(F), nor the withholding of Dr. Burris' handwritten notes in Document Nos. 2-4 under Exemption 5. The names of third parties mentioned in Document Nos. 2-4 can be redacted. For these reasons, the defendant has not shown that it has released all reasonably segregable information in Document Nos. 2-4. The court makes no segregability finding at this time with respect to Document No. 1.

## IV. CONCLUSION

For the foregoing reasons, the court grants in part and denies in part the defendants' motion for summary judgment and denies the plaintiff's motion for summary judgment. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 15th day of March, 2007.

RICARDO M. URBINA
United States District Judge
