UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LESTER J. RUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-00224 (RMU) |
| | ) | |
| DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>RENEWED MOTION FOR SUMMARY JUDGMENT</u>

Pursuant to Fed. R. Civ. P. 56, and in compliance with the Court's order of March 15, 2007, defendant files this renewed motion for summary judgment, under Exemption 4, 5 U.S.C. § 552(b)(4), as to the documents comprising Exhibit 1 to defendant's in camera filing (Docket No. 20), the WAIS-III test report and the MMPI-2 test report. (It should be noted that the name and title of the examiner for the WAIS-III report will continue to be withheld pursuant to the Exemption (b)(7)(C), 5 U.S.C. § 552(b)(7)(C), which the Court's previous order found to be appropriate.) In further support of its claim of Exemption (b)(4), defendant is submitting herewith detailed declarations from the companies that distribute the tests, which explain why the release of most of the test reports would likely cause great damage to the usefulness of the tests.

Defendant asserts that there are no genuine issues of material fact in dispute as to its renewed motion and that it is entitled to judgment as a matter of law. A memorandum of points

and authorities, a statement of genuine issues of material fact not in dispute, and a proposed order granting the relief sought are attached hereto.

Plaintiff should take notice that any factual assertions contained in the declarations and other attachments in support of defendant's motion will be accepted by the Court as true unless plaintiff submits his own declarations or other documentary evidence contradicting the assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

                          Respectfully submitted,

                          JEFFREY A. TAYLOR, DC Bar #498610
                          United States Attorney

                          RUDOLPH CONTRERAS, DC Bar #434122
                          Assistant United States Attorney
                          /s/
                          FRED E. HAYNES, DC Bar #165654
                          Assistant United States Attorney
                          555 4th Street, N.W., Room E-4110
                          Washington, D.C. 20530
                          202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LESTER J. RUSTON,           )
                            )
         Plaintiff,         )
                            )
    v.                      )   Civil Action No. 06-00224 (RMU)
                            )
DEPARTMENT OF JUSTICE,      )
                            )
         Defendant.         )
_____)

**DEFENDANT'S SUPPLEMENTAL STATEMENT OF MATERIAL
FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Defendant, through its undersigned counsel, respectfully submits, in accordance with LCvR 56.1, the following supplemental statement of material facts as to which there is no genuine issue to be tried:

1. Document 1 as set forth in the <u>Vaughn</u> index consists of copyrighted materials and raw data for two tests (the Wechsler Adult Intelligence Scale - Third Edition ("WAIS-III) and the Minnesota Multiphasic Personalty Inventory - 2 ("MMPI-2") that were purchased by the BOP from private companies that produce the test formats and make them available for sale to licensed psychologists. Each test bears a notation indicating that it is copyrighted. Kosiak declaration, ¶ 19, to defendant's first motion for summary judgment.

2. Defendant is submitting with this renewed motion two declarations from the companies distributing the WAIS-III and MMPI-2 tests. Exhibit A to defendant's memorandum in support of its renewed motion for summary judgment (declaration of Tommy

Cayton, Ph.D., Senior Director of Psychological Test Development for Harcourt, the publisher of the WAIS-III test) and Exhibit B to defendant's memorandum in support of its renewed motion for summary judgment (declaration of Mark Daniel, Ph.D., Director of Psychometric Development for Pearson Assessments, the exclusive licensee from the University of Minnesota for the MMPI-2 test).

  3. Harcourt, Pearson Assessments, and the University of Minnesota have spent millions of dollars in developing the WAIS-III test and the MMPI-2 test.  Exhibit A, ¶ 3; Exhibit B, ¶ 3.

  4. Unlike such tests as the SAT for high school students (which contain numerous questions that are changed yearly), the WAIS-III and the MMPI-2 tests contain one highly researched set of test items that are intended to be used for more than ten years.  Id.

  5. Advance knowledge of the WAIS-III and MMPI-2 test items could permit an individual intentionally to score higher or lower on the tests, thus compromising the validity of the tests.  Id.

  6. Both Harcourt and Pearson Assessments take a number of steps to insure that the confidentiality of the tests is preserved.  For example, both are only distributed to qualified professionals who are bound by the ethical standards of their profession to protect the confidentiality of the tests.  Exhibit A, ¶ 4; Exhibit B, ¶ 6.

7.  Purchasers of the two tests must sign statements confirming that they are professionally qualified to use the tests and that they will abide by the ethical obligations of their profession as to the tests.  Exhibit A, ¶ 4; Exhibit B, ¶ 6.

8.  Both Harcourt and Pearson Assessments believe that release of all the Exhibit 1 (to the in camera submission) documents would be likely to cause significant harm to the validity and usefulness of the two tests.  Exhibit A, ¶ 6; Exhibit B, ¶ 8.

9.  Both Harcourt and Pearson Assessments take substantial efforts to insure the confidentiality of the two tests.  Exhibit A, ¶ 3; Exhibit B, ¶ 6.

10.  Harcourt and Pearson Assessments are particularly concerned about the further dissemination of most of the materials in Exhibit 1 to the in camera submission if released to defendant, given the existence of the internet and the ease of distribution of information on the internet.  Exhibit A, ¶ 3; Exhibit B, ¶ 5.

11.  Harcourt believes that the WAIS-III four-page summary report can be released to plaintiff; the remainder should (the fourteen page test protocol), however, be protected from disclosure.  Exhibit A, ¶ 7.

12.  Pearson Assessments does not oppose release to plaintiff of the bubble answer sheet at the end of the MMPI-2

extended score report; however, it opposes the release of the rest of the report, which includes the text of critical items on the test.  Release of the latter material may result in the loss or invalidation of important diagnostic information.  Exhibit B, ¶ 4.

> Respectfully submitted,
>
> JEFFREY A. TAYLOR, DC Bar #498610
> United States Attorney
>
> RUDOLPH CONTRERAS, DC Bar #434122
> Assistant United States Attorney
>           /s/
> FRED E. HAYNES, DC Bar #165654
> Assistant United States Attorney
> 555 4TH Street, N.W., Room E-4110
> Washington, D.C. 20530
> 202.514.7201

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LESTER J. RUSTON,            )
                             )
        Plaintiff,           )
                             )
    v.                       )   Civil Action No. 06-00224 (RMU)
                             )
DEPARTMENT OF JUSTICE,       )
                             )
        Defendant.           )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

Plaintiff, a federal prisoner, filed a Freedom of Information Act ("FOIA") request for material related to the psychological evaluation of him by a Bureau of Prison's ("BOP") employee, Dr. Maureen Burris. Six documents were found that were believed to be responsive to the request. Two were released in full and four were withheld in full, based on BOP's assertion of several of the exemptions from release that are provided in the FOIA. This action challenges BOP's withholding of the four documents. (One of the documents actually consists of material relating to two psychological tests that were administered to plain-tiff.)

In ruling on defendant's initial summary judgment motion, the Court found that an adequate search had been conducted and that the names of third parties in the documents could be withheld under Exemption (b)(7)(C), 5 U.S.C. § 552(b)(7)(C). The Court denied defendant's assertion of Exemption 5, 5 U.S.C. §552(b)(5) and Exemption (b)(7)(F) to three of the four documents

that were withheld. These are exhibits 2 through 4 in the in camera submission to the Court, Docket No. 20. In this renewed motion for summary judgment, defendant submits additional declarations showing that the material in Exhibit 1, the two test reports, is for the most part exempt from disclosure under the FOIA.

## Background

Plaintiff was indicted for making threats against a United States Magistrate Judge in Texas. He subsequently has been found not guilty by reason of insanity as to that charge. After a two-day hearing in March 2007, the District Court for the Northern District of Texas found, by clear and convincing evidence, that releasing defendant from the custody of the Attorney General would likely create a substantial risk of bodily injury to others. Plaintiff was, therefore, committed to the custody of the Attorney General until such time as he recovers from his mental illness. The Court can take judicial notice of the electronic docket for the United States District Court for the Northern District of Texas, case of United States v. Lester J. Ruston, 3:04-cr-191-6, particularly the March 28, 2007, order.

On June 8, 2005, plaintiff filed FOIA request #05-6378 with the Bureau of Prisons ("BOP"). In this request, plaintiff sought copies of all documents relating to the psychological examination Dr. Maureen Burris conducted of him at the Metropo-

litan Detention Center in Los Angeles (MDC Los Angeles) beginning in November 2004 through April 2005. The request specifically sought all of Dr. Burris's handwritten notes, as well as her calendar showing the dates on which she interviewed him. The request further clarified, however, that Ruston did not seek the examination report(s), but only Dr. Burris's hand-written notes and her calendar showing the dates she interviewed him. Finally, the plaintiff requested a copy of Dr. Burris's "Certificate to Practice Psychiatric Medicine." Attachment 1 to Exhibit A to the initial motion for summary judgment (the Kosiak declaration), Docket Number 19. The history of plaintiff's FOIA request and the agency's response to it is set forth in defendant's initial motion for summary judgment.

This renewed motion for summary judgment addresses the withholding of Exhibit 1 from plaintiff (the two test reports). Arguably, these two documents are not covered by plaintiff's FOIA request; however, the agency treated them as covered, and this renewed motion explains why most of the test material in these two test reports is protected from disclosure under Exemption (b)(4) to the FOIA. Exhibit 1 (the two test reports), as explained in the <u>Vaughn</u> index, consists of copyrighted materials and raw data for two tests (the Wechsler Adult Intelligence Scale – Third Edition ("WAIS-III) and the Minnesota Multiphasic Personalty Inventory - 2 ("MMPI-2") that were purchased by the

3

BOP from private companies that produce the test formats and make them available for sale to licensed psychologists. Each test bears a notation indicating that it is copyrighted. Kosiak declaration, ¶ 19, to defendant's initial motion for summary judgment.

Defendant is submitting with this renewed motion two declarations from the companies distributing the WAIS-III and MMPI-2 tests. Exhibit A to defendant's memorandum in support of its renewed motion for summary judgment (declaration of Tommy Cayton, Ph.D., Senior Director of Psychological Test Development for Harcourt, the publisher of the WAIS-III test) and Exhibit B to defendant's memorandum in support of its renewed motion for summary judgment (declaration of Mark Daniel, Ph.D., Director of Psychometric Development for Pearson Assessments, the exclusive licensee from the University of Minnesota for the MMPI-2 test).

Harcourt, Pearson Assessments, and the University of Minnesota have spent millions of dollars in developing the WAIS-III test and the MMPI-2 test. Exhibit A, ¶ 3; Exhibit B, ¶ 3. Unlike such tests as the SAT for high school students (which contain numerous questions that are changed yearly), the WAIS-III and the MMPI-2 tests contain one highly researched set of test items that are intended to be used for more than ten years. Id.

Advance knowledge of the WAIS-III and MMPI-2 test items could permit an individual intentionally to score higher or lower

4

on the tests, thus compromising the validity of the tests. <u>Id.</u> Both Harcourt and Pearson Assessments take a number of steps to insure that the confidentiality of the tests is preserved. For example, both are only distributed to qualified professionals who are bound by the ethical standards of their profession to protect the confidentiality of the tests. Exhibit A, ¶ 4; Exhibit B, ¶ 6. Purchasers of the two tests must sign statements confirming that they are professionally qualified to use the tests and that they will abide by the ethical obligations of their profession as to the tests. Exhibit A, ¶ 4; Exhibit B, ¶ 6.

Both Harcourt and Pearson Assessments believe that release of all the Exhibit 1 (to the in camera submission) documents would be likely to cause significant harm to the validity and usefulness of the two tests. Exhibit A, ¶ 6; Exhibit B, ¶ 8. Both Harcourt and Pearson Assessments take substantial efforts to insure the confidentiality of the two tests. Exhibit A, ¶ 3; Exhibit B, ¶ 6. Harcourt and Pearson Assessments are particularly concerned about the further dissemination of most of the materials in Exhibit 1 if it is all released to defendant, given the existence of the internet and the ease of distribution of information on the internet. Exhibit A, ¶ 3; Exhibit B, ¶ 5.

Harcourt believes that the WAIS-III four-page summary report can be released to plaintiff; the remainder (the fourteen page test protocol) should, however, be protected from disclosure.

5

Exhibit A, ¶ 7. Pearson Assessments does not oppose release to plaintiff of the bubble answer sheet at the end of the MMPI-2 extended score report; however, it opposes the release of the rest of the report, which includes the text of critical items on the test. Release of the latter material may result in the loss or invalidation of important diagnostic information. Exhibit B, ¶ 4.

### Argument

Exemption (b)(4) of the FOIA excepts from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential. . ." 5 U.S.C. §552(b)4). Document 1 (Exhibit 1 to the in camera submission) in the Vaughn index consists of copyrighted materials and raw data for two tests that were purchased by the BOP from private companies that produce the test formats and make them available for sale to licensed psychologists. Each test bears a notation indicating that it is copyrighted. Kosiak declaration (attached to the initial motion for summary judgment), ¶ 19.

The issue of whether copyrighted material in an agency's possession is an agency record for purposes of the FOIA was addressed by our Court of Appeals in Weisberg v. Department of Justice, 631 F.2d 824 (D.C. Cir. 1980). The Court there concluded that the mere existence of a copyright did not, by itself, render FOIA inapplicable, but it also concluded that the

District Court had the obligation of joining the copyright holders under Fed. R. Civ. P. 19, as parties that were needed to be joined for a just adjudication of the case.  Defendant suggested in its initial motion for summary judgment in this case that the Court reserve its decision on Exemption 4, in that the documents subject to Exemption 4 were also subject to Exemption (b)(7)(F).  The Court has, however, ruled against defendant on its assertion of that exemption.  Defendant has, therefore, obtained declarations from the two companies distributing the two tests.  These declarations establish that the withholding of most of the two tests is proper under Exemption (b)(4), and they provide a sufficient basis for the Court to rule in defendant's favor on the application of this exemption, without the time and expense of joining the copyright holders in this case.  If the Court disagrees with this position, it will need to join the two companies as defendants in this case before finally resolving the Exemption (b)(4) issue.

   The two declarations submitted in support of this renewed motion for summary judgment establish that most of the material in the two test documents in Exhibit 1 of the in camera submission should be withheld from release to plaintiff because to release the material would likely undermine the further commercial usefulness of the two tests.  On its face, this argument fits easily within the language of Exemption (b)(4), which

7

excepts from disclosure "trade secrets and commercial or financial information obtained from a person and privileged or confidential. . ." 5 U.S.C. §552(b)4).

This case does not involve material that Harcourt and Pearson Assessments were compelled to produce to the government. Rather, it involves material that the two companies have voluntarily sold or licensed to the government. As such, its treatment under the FOIA is governed by <u>Critical Mass Energy Project v. NRC</u>, 975 F.2d 871 (D.C. Cir. 1992), an en banc decision. This case establishes two distinct standards to be applied in determining whether material qualifies under Exemption (b)(4). The first standard applies where the information is required to be supplied by the person or company to the government. The second standard applies where the information is voluntarily provided to the government. The situation in this case, i.e., the government's purchase or license of the two tests, is most closely analogous to the voluntary provision of the tests to the government. The second standard categorically protects information that is provided voluntarily so long as the submitter does not "customarily" disclose this material to the public. <u>Id.</u> at 879. Exhibits A and B establish that the test materials are not customarily disclosed to the public, and they are, therefore, categorically protected from disclosure under the FOIA.

## Conclusion

For the reasons set forth above, most of the material in the two tests that constitute Exhibit 1 to the in camera submission should be withheld from production to defendant under Exemption (b)(4). A draft order reflecting this relief is submitted herewith.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR, DC Bar #498610
                              United States Attorney

                              RUDOLPH CONTRERAS, DC Bar #434122
                              Assistant United States Attorney
                              /s/
                              FRED E. HAYNES, DC Bar #165654
                              Assistant United States Attorney
                              555 4th Street, N.W., Room E-4110
                              Washington, D.C. 20530
                              202.514.7201

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

LESTER J. RUSTON,              )
                               )
          Plaintiff,           )
                               )
     v.                        )    Civil Action No. 06-00224 (RMU)
                               )
DEPARTMENT OF JUSTICE,         )
                               )
          Defendant.           )
_____)
```

## ORDER

UPON CONSIDERATION of defendant's renewed motion for summary judgment and the response thereto, it is this _____ day of _____, 2007,

ORDERED that defendant's renewed motion for summary judgment is hereby granted; and it is further

ORDERED that the WAIS-III test material, except for the four page summary report, has been properly withheld from plaintiff under Exemption (b)(4), 5 U.S.C. § 552(b)(4); and it is further

ORDERED that the MMPI-2 extended score report has also been properly withheld from plaintiff under Exemption (b)(4), with the exception of the two pages of the softcover answer sheet, which appears at the end of extended score report; and it is further

ORDERED that this is a final, appealable order, in that it disposes of the remaining issues in this case.

                    UNITED STATES DISTRICT JUDGE

Copies to plaintiff and counsel for defendant

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing Renewed Motion For Summary Judgment, a supplemental statement of material facts not in genuine dispuste, and a memorandum in support of the motion to be served by first class mail, postage prepaid, this 7th day of May, 2007, on

>   Lester J. Ruston
>   # 26834-177
>   P.O. Box 9000
>   Seagoville, Texas 75159

This renewed motion for summary judgment is being sent to plaintiff's address of record in this case; however, plaintiff has been transferred to a different facility, the address of which undersigned counsel has misplaced. Tomorrow undersigned will obtain the new address and send another copy of this renewed motion to the new address.

/s/ Fred E. Haynes
Fred E. Haynes, D.C. Bar # 165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
(202) 514-7201