UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER J. RUSTON,<br>    Plaintiff, | )<br>)<br>) |
| -vs- | )  Civil Action No. 06-00224 (RMU) |
| DEPARTMENT OF JUSTICE,<br>    Defendant. | )<br>)<br>) |

### DECLARATION OF TOMMIE CAYTON

I, Tommie Cayton, Ph.D., hereby declare the following under penalty of perjury:

1. I am a licensed psychologist and executive, with the title of Senior Director of Psychological Test Development, for Harcourt Assessment, Inc. (hereinafter referred to as "Harcourt") of San Antonio, Texas and, based on my years of experience as a clinician, Harcourt executive, and developer of neuropsychological assessments, I have personal knowledge of the following, except where I declare on my information and belief in which case I truly believe I have been correctly informed.

2. I am informed and believe that the plaintiff, a federal prisoner, has filed a Freedom of Information Act request for material related to the psychological evaluation of him done by the Federal Bureau of Prisons. I have further been informed and believe that one of the documents that was withheld from production to plaintiff in response to his request was a document that consisted of two parts; a four page *Wechsler Adult Intelligence Scale® – Third Edition (WAIS®-III)* Summary Report followed by the actual protocol, which is a fourteen page document. The United States Attorney's Office for the District of Columbia has provided my office with a redacted copy of these two parts, edited to mark out the plaintiff's identifying information, actual answers and scores.

3. Harcourt is the publisher of the *WAIS-III*, a clinical test instrument used by psychologists to assess an individual's cognitive functioning. Harcourt invests millions of dollars in developing and refining clinical tests to ensure that examinees are assessed with appropriate and valid instruments. Unlike broadly used post-secondary admission tests such as the Scholastic Aptitude Test, Harcourt's clinical tests typically consist of one highly researched set of test items intended to be used for more than ten (10) years. Advance knowledge of the test



questions and answers enables both higher and (intentional) lower scores than would be expected from persons of similar cognitive ability without such advance knowledge. With the worldwide publishing capability of the internet, widespread dissemination of test contents is a real risk from any uncontrolled disclosure. The public disclosure of test questions or answers can severely compromise the validity of the test and, therefore, its societal usefulness and the commercial value as an assessment tool for psychologists and other assessment professionals worldwide.

Secure test questions, answers, manuals and other materials divulging secure test items are considered highly confidential, proprietary trade secrets which Harcourt takes every precaution to protect from disclosure beyond what is absolutely necessary for the purpose of administering the tests. Throughout the development process, employees working with secure test materials must sign a confidentiality agreement, and consultants working in development and examiners administering pilot and standardization editions must sign agreements containing confidentiality obligations. When submitted for copyright registration, the assessments were registered under the special procedure for "secure registration" which avoids making a public disclosure of their contents.

4. Harcourt continues to guard the secrecy of the *WAIS-III* secure assessment materials beyond the development and registration. They are sold only to qualified individuals who are bound by the ethical standards of their profession to protect the integrity of the materials by maintaining the confidentiality of the test items and answers. Harcourt has a Qualifications Department consisting of four full-time employees whose sole function is to verify purchasers' educational and professional credentials to ensure that only qualified professionals purchase the assessment materials. A qualified individual is someone with a doctorate in psychology and/or professional licensure certificate with advanced psychology training who is bound by the ethical standards of his/her profession to protect the integrity and validity of the tests by maintaining the confidentiality of the questions and answers. In addition, the Registration Form that all purchasers must complete and submit to Harcourt before purchasing test materials contains a statement signed by the purchaser confirming that the purchaser is so qualified, and that all ethical rules will be observed by the purchaser. The corporate office and warehouse are highly secure environments for the storage of these materials with security systems allowing access by only those individuals with a security access card.

5. Under the Standards for Educational and Psychological Testing (1985) of the American Psychological Association, psychologists and educators have an ethical duty to protect the integrity of secure tests by maintaining the confidentiality of the test items and answers and by releasing such test materials only to professionals who have the same duty.

6. In addition to the public interest, Harcourt has business and proprietary interests that deserve protection as well. Harcourt first published the *WAIS-III* in 1997. As mentioned above, these assessments were the product of a great deal of expensive research and testing. In particular, Harcourt's investment in the development of the *WAIS-III* was in the range of $1-5 million. Harcourt does not plan to publish new editions for several more years. Public disclosure of any actual test content is likely to damage the value of that investment and hasten the need to incur it again.

7. Harcourt has no objection to the *WAIS-III* four-page summary report being produced to plaintiff in response to his FOIA request; however, for the reasons set forth above, the fourteen page test protocol should not be produced to him.

_____
Tommie Cayton, Ph.D.

4/26/07
_____
Date