UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAY 21 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| LESTER JON RUSTON, | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 06-00224 RMU |
| DEPARTMENT OF JUSTICE, | § | |
| Defendant, | § | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (RENEWED)

Comes now, Plaintiff, Lester Jon Ruston, and files this, his Opposition to Defendant's Renewed Motion for Summary Judgment, and would show the Court as follows:

I.

Defendants are violating Plaintiff's statutory rights, pursuant to 5 U.S.C. § 701-706 Administrative Procedures Act, to aid and abet State and Federal felony crimes with an insane lesbian named Maureen Buriss. Plaintiff reasserts and fully incorporates all allegations contained in his Motion to Disqualify Ricardo M. Urbina, as if fully set forth below.

II.

Defendants are expending taxpayers fund to violate Texas Penal Code §'s 32.43, 32.46, 32.47 and 20.04 with Maureen Buriss. They are concealing "writings" from Plaintiff, using taxpayers funds for criminal purposes. The public interest in disclosing this far outweighs all the fraudulent lies the Defendants have placed on paper in this matter to aid and abet State and Federal crimes perpetrated against Plaintiff, which is "public record" in Ruston v. State of Texas, D-1-GN-07-001059 in District Court 201st, Travis County, Texas, a related civil matter.

III.

Defendants and Maureen Buriss did meet and conspire to conceal writings to execute an order by deception, which occurred on May 5, 2005, and violates Texas Penal Code §§ 32.46 and 32.47, for which the Plaintiff seeks evidence to present to the District Attorney of Dallas County for prosecution. Defendants have willfully conspired to misappropriate taxpayers funds for criminal purposes, to obstruct justice and violate 18 U.S.C. §'s 2, 3 and 4.

-1-

IV.

Counsel for Defendant is facially violating Dept. of Justice, U.S. Attorney's Manual Title 9, ¶ 9-5.000, and are utilizing taxpayers funds for criminal purposes and concealing N.C.I.C. records of an insane kidnapper named Jeffrey Don Elmore, which is Defendant and Maureen Buriss' motive to lie, as held in U.S. v. Henthorn, 931 F.2d 29 (9th Cir. 1991), citing Giglio v. U.S., 450 U.S. 150 (1972). The Defendants are obstructing justice in the pure "speculation" of Maureen Buriss, which violates Rule 403 of the Federal Rules of Evidence, as held in U.S. v. West, 457 U.S. 1124 (1982), using taxpayers funds for criminal purposes. The Courts are very clear that Defendants **cannot conceal** evidence that shows a person did not possess the requisite criminal intent, as held in U.S. v. Bagley, 473 U.S. 667, 676 (1985), yet the Defendant and counsel are doing just this. The public interest in the Defendant's criminal insanity far outweighs all claimed privacy interests, or wasted millions of dollars for useless tests used for the purposes of aiding and abetting Jeffrey Don Elmore's criminal insanity and N.C.I.C. records, as held in Ruston v. Riggs, 06-0782 RMU, subject of a Rule 59(e) Motion to Amend or Alter Judgment and Notice of Appeal, neither of which have been docketed or adjudicated, which is denying Plaintiff his right to be heard timely and according to the law, in violation of the Canons of Judicial Conduct, which the Plaintiff will take up with the Judicial Counsel in Washington, D.C.

V.

The Supreme Court has clearly ruled the Defendant cannot use their authority and taxpayers funds as a tool of oppression of statutory or constitutional rights in the matter Deshaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989). To grant summary judgment to Defendant will violate this holding. Judge Urbina has violated Canon 3 A.(1) when he allowed himself to be swayed by corrupt government officials engaged in organized crime, using taxpayers funds. He has violated Canon 3 A.(3) when he failed to maintain order in this matter and Ruston v. Riggs, 06-0782 RMU by failing to acknowledge Plaintiff's rights pursuant to 28 U.S.C. § 1915, due to bias and prejudice against the indigent, Celtic Scottish persons and Christians. He has violated Canon 3 A.(5) as he has failed to promptly dispose of all Plaintiff's matters before his Court, while he "legislates" from his bench. He has violated Canon 3 B.(3) by failing to initiate appropriate action against

counsel for Defendant and Maureen Buriss, for her violations of both State of Texas and Federal laws, using his bench as a tool of oppression of Plaintiff's rights, subject of Motion to Disqualify and Judicial Complaint, pursuant to 28 U.S.C. § 351 to the D.C. Circuit Court.

Wherefore, premises considered, Plaintiff, Lester Jon Ruston, a.k.a. "The Bruce", proud Scottish Ethnic, does file this, his Opposition to Defendants Renewed Motion for Summary Judgment, and request judicial notice, pursuant to Rule 201 Fed.R.Evidence, and attaches his sworn affidavit in support thereof.

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 880
Ayer, Mass. 01432

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was provided to the clerk of the court on this 17th day of May, 2007, by placing such in the inmate mail box with first class postage affixed. One copy was provided to counsel for Defendant at address listed below, pursuant to Fed.R.Civ.P.

Lester Jon Ruston

## AFFIDAVIT

My name is Lester Jon Ruston. Affiant is over the age of 18 and was ruled competent on March 7, 2007 in Federal Court. Maureen Buriss engaged in criminal violations of Texas Penal Code §'s 20.04, 32.43, 32.46 and 32.47 with the State of Texas, which occurred on May 5, 2005. All allegations of fact contained herein are true and correct, to the best of my knowledge, sworn to under penalty of law with affiant's signature affixed, pursuant to 28 U.S.C. § 1746 and Tex.Civ.Prac. & Rem. Code § 132.002. Further, affiant sayeth naught:

Dated: 5-17-07

_____ Declarant
Lester Jon Ruston-Plaintiff