UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER J. RUSTON, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|    v. | ) Civil Action No. 06-00224 (RMU) |
| | ) |
| DEPARTMENT OF JUSTICE, | ) |
| | ) |
|       Defendant. | ) |
| | ) |

MOTION TO EXTEND THE TIME FOR PRODUCING
DOCUMENTS TO PLAINTIFF OR, IN THE ALTERNATIVE,
TO STAY THE COURT'S ORDER REQUIRING THAT
DEFENDANT PRODUCE TO PLAINTIFF CERTAIN
DOCUMENTS BY DECEMBER 10, 2007,
AND SUPPORTING MEMORANDUM OF LAW

This Court issued a final order in this case that requires defendant to produce to plaintiff by December 10, 2007, the following documents: the four-page Wechsler Adult Intelligence Scale Summary Report, the two-page MMMPI-2 bubble format answer sheet, and Exhibits 2, 3, and 4 of the documents provided to the Court for its in camera review. Defendant will produce to plaintiff by December 10, 2007, the Wechsler Adult Intelligence Scale Summary Report and the two-page MMMPI-2 bubble format answer sheet. As to production of Exhibits 2, 3, and 4, defendant, for the reasons set forth below, requests that the Court extend the time for their production to plaintiff under Fed. R. Civ. P. 6(b)(1) or, in the alternative, stay their production until a decision is made on whether to appeal the case and, if there is an appeal, to stay their production until the Court of Appeals has resolved the matter. Undersigned counsel (Fred E. Haynes) primarily responsible for this case for defendant has not attempted to contact plaintiff, who is pro se, to determine his

position on this motion because LCvR 7(m) does not require consultation with federal prisoners proceeding pro se.

Defendant asserted FOIA Exemptions 5 and 7(F), 5 U.S.C. § 552(b)(5) and (b)(7)(F), as a basis for withholding Exhibits 2, 3, and 4 from production to plaintiff. The Court has, however, ordered their production to plaintiff, subject to the proviso that defendant can redact any third party names in the documents. Since the Court has overruled the application of Exemptions 5 and 7(F) to the three exhibits, the United States Attorney's Office for the District of Columbia does not have the authority to decide to appeal or not to appeal the case. That decision is centralized at the Department of Justice. The appeal, if any, must be filed by January 8, 2008. In the event that an appeal is filed, the attached draft order would extend the time for producing the documents, or stay their production, until the appeal is decided.

In <u>Providence Journal Co. v. FBI</u>, 595 F.2d 889 (1st Cir. 1979), the plaintiff sought under the FOIA to obtain documents concerning a wiretap. The district court ordered the records disclosed. The First Circuit, after the district court had granted only a short stay, recognized that failure to grant a stay pending appeal would completely undercut the government's right to secure meaningful review, and that a stay would be detrimental to plaintiff only to the limited extent that it postponed the moment of disclosure. In addressing the importance of granting a stay in cases where the disclosure of documents is sought, the First Circuit stated:

> This Court necessarily approaches the matter from a different perspective. While we give weight to the views of the District Court, the Constitution and laws entitle litigants to have their cases independently reviewed by an appellate tribunal. Meaningful review entails having the reviewing court take a fresh look at the decision of the trial court, before it becomes irrevocable. Appellants' right of appeal here will become moot unless the stay is continued pending determination of the appeals. Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time. The status quo could never be restored.

<u>Id</u>. at 890 (emphasis added).

The Supreme Court has determined that a stay of a disclosure order in a FOIA case in which the Government decided to appeal was clearly warranted. In <u>John Doe Agency v. John Doe Corp.</u>, 488 U.S. 1306 (1989), Justice Marshall observed that compliance with a court's disclosure order creates an irreparable injury for the Government because it would moot any appeal from such an order. <u>Id</u>. at 1309. In <u>Rosenfeld v. Department of Justice</u>, 501 U.S. 1227 (1991), the Court granted an application for a stay of a disclosure order in a FOIA case pending final disposition of the appeal of that order by the United States Court of Appeals for the Ninth Circuit. <u>See</u> also <u>Taylor v. Dep't of the Army</u>, 684 F.2d 99, 102 (D.C. Cir. 1982).

As in the cases cited above, failure to grant a stay pending resolution of Defendant's decision whether to appeal, and pending any appellate review, would frustrate Defendant's right to meaningful review and would result in irreparable harm. Once disclosure has been made, the harm cannot be corrected. Moreover, the effect upon Plaintiff would be relatively less serious since such a stay would merely postpone the moment of disclosure if the Government's argument is unsuccessful. In <u>Providence Journal</u>, the court compared the harms resulting from a stay in that case and concluded:

> Weighing this latter hardship [of a stay upon plaintiff] against the total and immediate divestiture of appellants' rights to have effective review in this court, we find the balance of hardship to favor issuance of a stay.

595 F.2d at 890.

Thus, the present circumstances meet the well-established criteria for issuance of a stay. As our Court of Appeals has stated,

> [a]n order maintaining the status quo is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public, and

when denial of the order will inflict irreparable injury on the movant.  There is substantial equity and need for judicial protection, whether or not the movant has shown a mathematical probability of success.

Washington Metropolitan Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977).  Accord Friends For All Children v. Lockheed Aircraft, 746 F.2d 816, 834-35 & n.32 (D.C. Cir. 1984); Virginia Petroleum Jobbers Ass'n v. FPC, 259 F.2d 921, 925 (D.C. Cir. 1958).

Attached is a draft motion that reflects the requested relief.

                          Respectfully submitted,

                          JEFFREY A. TAYLOR, D.C. Bar #498610
                          United States Attorney

                          RUDOLPH CONTRERAS, DC Bar #434122
                          Assistant United States Attorney
                                  /s/
                          FRED E. HAYNES, DC Bar #165654
                          Assistant United States Attorney
                          555 4th Street, N.W., Room E-4110
                          Washington, D.C. 20530
                          202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER J. RUSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-00224 (RMU) |
| | ) |
| DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

ORDER

UPON CONSIDERATION of defendant's motion for an extension of time or, in the alternative, motion for a stay and after due deliberation, it is this _____ day of _____, 2007,

ORDERED that the time for defendant to produce the in camera Exhibits 2, 3, and 4 is extended until January 8, 2008, and if an appeal is filed, the time is further extended until the resolution of the appeal.

[or]

ORDERED that defendant's Motion for a Stay is granted, and the Court's order of November 9, 2007, is stayed insofar as it requires the defendant to release In Camera Exhibits 2, 3, and 4 to plaintiff, pending a decision by defendant on whether to appeal the Court's order and pending the disposition of any appeal taken.

UNITED STATES DISTRICT JUDGE

Copies to plaintiff and counsel for defendant

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing motion for extension of time or, in the alternative, to stay production of in camera Exhibits 2, 3, and 4 to be served by first-class mail, postage prepaid, this 28th day of November, 2007, on:

>Lester J. Ruston
># 26834-177
>P.O. Box 888
>Ayer, MS 01432

>/s/
>Fred E. Haynes, D.C. Bar # 165654
>Assistant United States Attorney
>555 4th Street, N.W., Room E-4110
>Washington, D.C. 20530
>(202) 514-7201